

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

FILED

MAY 19 2011

CLERK, US DISTRICT COURT
NORFOLK, VA

Name (under which you were convicted): Maceo Spates   Docket or Case No.: 2:11cv 284

Place of Confinement:   SUSSEX 2 STATE PRISON   Prisoner No.: 1199722
24427 MUSSELWHITE DR.
WAVERLY, VA 23891

MACEO SPATES   v.   HAROLD CLARKE, DIRECTOR, VA DEPT. OF CORR.
*Petitioner*                                                    *Respondent*

The Attorney General of the State of Virginia: The Hon. Kenneth Cuccinelli

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:

Virginia Beach Circuit Court
2425 Nimmo Parkway
Virginia Beach, VA 23456

(b) Criminal docket or case number (if you know):

CR06-130

2.   (a) Date of the judgment of conviction (if you know):

May 8, 2007

(b) Date of sentencing:

August 15, 2007

3.   Length of sentence:

Thirty-four (34) years

RECEIVED

MAY 16 2011

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

4.   In this case, were you convicted on more than one count or more than one crime?

Yes

5.   Identify all crimes of which you were convicted and sentenced in this case:

Abduction (6 yrs.), Rape (25 yrs.), Unlawful Wounding (3 yrs.), Petit
Larceny ($500.00 fine)

6.   (a) What was your plea? (Check one)

| | | | |
|---|---|---|---|
| (1) | Not Guilty X | (3) | Nolo contendere (no contest) □ |
| (2) | Guilty □ | (4) | Insanity plea □ |

(b) If you went to trial, what kind of trial did you have? (Check one)

Jury   X          Judge only   □

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

       Yes    X            No    □

8.   Did you appeal from the judgment of conviction?

       Yes    X            No    □

9.   If you did appeal, answer the following:

     (a) Name of court: Virginia Court of Appeals
     (b) Docket or case number (if you know): 2151-07-1
     (c) Result: Denied
     (d) Date of result (if you know): September 10, 2008
     (e) Citation to the case (if you know): Spates v. Commonwealth (Record No. 2151071)
     (f) Ground[s] raised:

          (1) The trial court violated petitioner's Fourteenth Amendment right
          to Due Process of Law in convicting him based on insufficient
          evidence as a matter of law.

          (2) The trial court erred in denying petitioner's motion for
          mistrial based on juror overhearing conversation.

          (3) Petitioner did not waive his right to counsel.

     (g) Did you seek further review by a higher state court?    Yes    X    No    □

          If yes, answer the following:

          (1) Name of court: Virginia Supreme Court
          (2) Docket or case number (if you know): 2151-07-1
          (3) Result: Denied
          (4) Date of result (if you know): April 27, 2010
          (5) Citation to the case (if you know): Spates v. Commonwealth (Record No. 2151071)
          (6) Ground[s] raised:

          (1) The trial court violated petitioner's Fourteenth Amendment right
          to Due Process of Law in convicting him based on insufficient
          evidence as a matter of law.

          (2) The trial court erred in denying petitioner's motion for
          mistrial based on juror overhearing conversation.

          (3) Petitioner did not waive his right to counsel.

     (h) Did you file a petition for certiorari in the United States Supreme Court?

          Yes □    No X

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or
      motions concerning this judgment of conviction in any state court?

       Yes    X            No    □

11.   If your answer to Question 10 was "yes", give the following information:

    (a) Name of court: Virginia Beach Circuit Court
    (b) Docket or case number (if you know): CL10-3804
    (c) Date of filing (if you know): July 12, 2010
    (d) Nature of the proceeding: State Habeas Corpus Petition
    (e) Grounds raised:

        (1) The trial court violated petitioner's Fourteenth Amendment right to Due Process of Law in convicting him based on insufficient evidence as a matter of law.

        (2) The trial court erred in denying petitioner's motion for mistrial based on juror overhearing conversation.

        (3) Petitioner did not waive his right to counsel.

    (f)) Did you receive a hearing where evidence was given on your petition, application, or motion?

        Yes   ☐      No   X

    (g) Result: <u>Denied</u>
    (h) Date of result (if you know): November 2010

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. State the <u>facts and law</u> supporting each ground.

    <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

*GROUND ONE THROUGH THREE:*

        **SEE ATTACHMENT, HABEAS CLAIMS**

(a)   Supporting facts and Law (State the specific facts and law that support your claims):

        **SEE ATTACHMENT, HABEAS CLAIMS**

(b)   If you did not exhaust your state remedies on GROUND ONE THROUGH THREE, explain why:

        N/A

(c)   Direct Appeal of GROUND ONE THROUGH THREE:
    (1) If you appealed from the judgment of conviction, did you raise these issues?

        Yes   X      No   ☐

    (2) If you did <u>not</u> raise these issues in your direct appeal, explain why:

        N/A

(d)   Post-Conviction Proceedings:

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes   X      No   ☐

(2) If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition: Habeas Corpus Petition
Name and location of the court where the motion or petition was filed: Virginia Beach Circuit Court
Docket or case number (if you know): CL10-3804
Date of the court's decision: November 2010
Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?

     Yes   □   No   X

(4) Did you appeal from the denial of your motion or petition?

     Yes   □   No   X

(5) If your answer to Question (d)(4) is "No," explain why you did not raise this issue:

Because an appeal would have been moot, as the filing of the habeas
petition raising the three grounds was moot due to the fact that
petitioner had already exhausted those grounds on his direct appeal.

(e)    OTHER REMEDIES: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on GROUND ONE THROUGH THREE:

     None

13.   Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?

     Yes   X   No   □

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented and state your reasons for not presenting them:

     None

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?

     Yes   □   No   X

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?

     Yes   □  No  X

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary and plea: Janee D. Joslin, Esq., 304 34th St., Ste. 8, Va. Beach,
VA 23451

(b) At arraignment and plea: Janee D. Joslin, Esq., 304 34th St., Ste. 8, Va. Beach, VA 23451

(c) At trial: **Pro-Se**

(d) At sentencing: Janee D. Joslin, Esq., 304 34th St., Ste. 8, Va. Beach, VA 23451

(e) On appeal: Janee D. Joslin, Esq., 304 34th St., Ste. 8, Va. Beach, VA 23451

(f) In any post-conviction proceeding: **Pro-Se**

(g) On appeal from any ruling against you in a post-conviction proceeding: **Pro-Se**

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?

Yes ☐    No    X

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago. You must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.

N/A as the petition is being timely filed.

Therefore, petitioner asks that the Court grant the following relief: that a writ of habeas corpus be awarded , an evidentiary hearing be held, and any other relief to which petitioner may be entitled.

Respectfully submitted,

Signature of Petitioner

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this petition for Writ of Habeas Corpus was placed in the prison mailing system on this

30th day of March , 20 11.

Signature of Petitioner

7176431

***

BRIEF IN SUPPORT OF
PETIITION UNDER 28 U.S.C 2254 FOR WRIT
OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY


MACEO ALI SPATES
PETITIONER

V.

COMMONWEALTH OF VIRGINIA
RESPONDENT


PETITION FOR RELIEF FROM A

CONVICTION OF SENTENCE BY A PERSON IN STATE
CUSTODY

## SUBJECT INDEX

| | PAGE |
|---|---|
| TABLE OF CITATIONS | II |
| NATURE OF THE CASE | 1 |
| STAEMENT OF PRTOCEEDINGS | ! |
| STATEMENT OF QUESTION PRESENTED | 2 |
| STATEMENT OF PACTS | 2 |
| ARGUMENT | 8 |
| CONCLUSION | 9 |
| CERTIFICATE OF SERVICE | |

## TABLE OF CONTENTS

PAGE

TABLE OF CONTENTS............................................i

TABLE OF CITATIONS.........................................ii

STATEMENTS OF PROCEEDINGS...................................1

QUESTIONS PRESENTED........................................3

    I.    DID THE TRIAL COURT VIOLATE THE DEFENDANT 14 AMENDMENT
        AND ERR IN RULING THAT EVIDENCE TO CONVICT MR. SPATES
        WAS SIFFICIENT AS A MATTER OF LAW?...................3

    II.   DID THE TRIAL COURT VIOLATE THE DEFENDANT 6TH AMENDMENT
        AND ERR IN DINYING MR. SPATES' MOTION FOR A MISTRIAL BASED
        UPON A JUROR AVERHEARING CONVERSATIONS BETWEEN THE LAWYERS
        AND WITNESSES?........................................3

    II.   DID THE TRIAL COURT VIOLATE THE DEFENDANT  6TH AMENDMENT,
        14th AMENDMENT AND ERR BY DETERMINING THAT MR. SPATES WAIVED
        HIS REQUESTS FOR COUNSEL AT THE
        TIME OF TRIAL?.......................................3

ASSIGNMENTS OF ERROR.......................................3

STATEMENT OOF SIGNIFICANT PRECEDENTIAL VALUE................4

STATEMENT OF FACTS.........................................5

MR. SPATES' DEFENSE........................................7

      THE PROSECUTION'S INSUFFICIENT ECIDENCE.............7

      THE FACTUAL BASIS FOR THE MISTRIAL.................15

      MR.SPATES DID NOT WAIVE HIS RIGHTS TO COUNSEL........17

ARGUMENT..........................................18

   I.  THE EVIDENCE CONVICTING MR. SPATES WAS
       INSUFFICIENT AS A MATTER OF LAW...........18

  II. MR.SPATES' MOTION ‖OR A MISTRIAL SHOULD HAVE
      BEEN GRANTED DUE TO A JUROR OVERHEARING A
      PREJUDIAL CONVERSATION BETWEEEN THE LAWYERS
      AND WITNESSES.............................20

 III. THE TRIAL COURT ERRED BY DETERMINING THAT
      MR.SPATES WAIVED HES RIGHT TO COUNSEL DESPITE
      HIS REQUESTS FOR COUNSEL AT THE TIME OF TRIAL
      ..........................................22

CONCLUSION........................................24

CERTIFICATE.......................................25

TABLE OF  CITATIONS

PAGE(S)

CASES

ALBERT V. COMMONWEALTH,
     2 Va. App. 734, 347 S.E.2d 534 (1986).................19

CANTRELL V. COMMONWEALTH,
       7 Va. APP, 269,373 S.E..2d 328.(1988)...............20

CHURCH V. COMMONWEALTH,
     230 Va. 208,  335 S.E. 2d 827 (1985)...................23

CARL.WALTER AIKEN V. UNITED ATATES AT
            296 f.2d 607...............................

UNITED STATES V. ALLEN MORSLEY AT
            913-912....................................

HARRIS V.COMMONWEALTH,
     20 Va. App. 194, 455 S.E. 2d 759 (1995)................

HIGGINBOTHAM V. COMMONWEALTH,
        216 Va. 349, 218 S.E. 2d 534 (1975)................

DENNIS WALDON STOCKTON V. COMMONWEALTH..........................

HALEY
    802 F.2d at 1535-36.......................................

FATTY V. CONNECTICUT
     375 u.s. 85-86-87 (1963)..................................

HARRISON
     716 F.2d AT 1051.........................................

UNITED STATES V.CLIFFORD BAILEY
           219 U.S. APP, D.C. 675 F.2d 1292 (1982)
                                               ..............

UNITED STATES V. ISHMAEL GALLOP
           838,F.2d 105......................................

VON MOLTKE V. GILLIES
           332 U.S. 708 (1948)...............................

IN RE WINSHIP,

CASES

IN RE WINSHIP,
        397 U.S. 358 (1970)......................................

JOHNSON V. ZERBERST,
        304 U.S. 458 (1938)......................................

KELLY V. COMMONWEALTH,
        41 Va. App. 250,548 S.E. 2d 444 (2003)..................

KOTTEAKOS V. U.S
        328 U.S 750, 90 L.ED.....................................

MATTOX V. UNITED STATES,
        146 U.S. 140 (1954)......................................

PUGLIESE V. COMMONWEALTH,
        16 Va. App. 82, 428 S.E. 2d 16 (1993)...................

RICHARD SYMPOL TOWNES, JR V. UNITED STATES
                371 F.2d 930 (1966)..............................

REMMER V. UNITED STATES,
        347 U.S. 227, 98 L.ED.....................................

UNITED STATES V. RAYNARD CARRROLL
                678 F.2d 1208 (1982).............................

REMMER V. UNITED STATES,
        347 U.S. 227 (1954)......................................

STOKES V. WARDEN,
        226 Va. 111, 306 S.E. 2d 882 (1983).....................

SUPERINENDENT V. BARNES,
                221 Va. 780, 273 S.E. 2d 558 (1981).............

SUTPHIN V. COMMONWEALTH,
        1 Va. App. 241, 337 S.E. 2d 897 (1985)..................

WHEATON V. UNITED STATES,
        133 F. 2d 522 (1943......................................

WHITE V. COMMONWEALTH,
        214 Va. 559, 203 S.E.2d 443 (1974)......................

CONSTITUTIONAL PROVISION

U.S. CONST. AMEND. VI...................................5,21,23,24

## STATEMENT OF PROCEEDINGS

ON January 17, 2006, a Grand Jury of the City of Virginia Beach indicted the Appellant, Maceo Ali Spates, on charges of abduction armed statutory burglary, unlawful wounding, rape, petit larceny, and wearing a mask on privat property. The apellant entered pleas of not guilty to all charges. AJury was impaneled. The Appellant was found guilty of rape, abductionn,unlawful wounding and petit larceny.The Appellant was found not guilty of armed statutory burlary and wearing a mask on private property.

On August 15, 2007, The Honorable Judge H. Thomas Padrick, Jr., formally imposed the jury's sentencing recmmemdation. He sentenced the Defendant to six  years on the caharge of abduction, twenty-five years on the charge of rape, and three years of unlawful wounding. for the charge of petit larceny, the Appellant was ordered too pay a fine of $500.00. The  active sentence is thirty-four years of incarceration. Appellant was also orderd to have two years of poat-release supervision ?páy  court costs.

1.

On August 16,2007, prior Counsel timely filed a Notice of Appeal. Counsel for. Mr.Spates filed the transcript of the hearings regarding pretrial motions, the trial, and the sentencing hearing, making them a part of the record on this appeal on October 12,2007.

On January 2, 2008, a Petition for Appeal wwas filed with the Court of Appeals. The Commonwealth filed their their Brief in Opposition on January 25, 2008. On September 10, 2008, the Court of Appellant's prior court-appointed counsel.

On July 27,2009, Appellant filed a Petition for Writ of Habeas Corpus Based upon four grounds, including, but not limited to, ineffective assistance of appellate counsel. The Atorney General's office filed an Answer and Motion to dismiss on September 25, 2009. On October 27, 2009, Judge H. Thomas Padrick, Jr. entered an Order awarding Appellant a delayed appeal based upon his claims of prior counsel's ineffective asistaance as his appeal was never taken to the Supreme Court  after bring denied by the Court af  Appeals.

On November 24, 2009, Judge Padrick appointed thes counsel to assist Appellant in his delayed appeal. Therefore, a Notice of Appeal was timely filed with the Court of Appeals on December 11, 2009. On December Time to file a Petitioin for Appeal. The Motion was granted on December 28, 2009, and extension to file a Petition for appeal wa given until January 27, 2009.

## QUESTION PRESENTED

I.   DID THE TRIAL COURT ERR IN RULING THAT EVIDENCE TO CONVICT MR.SPATES WAS SUFFICIENT AS A MATTER OF LAW? (PRESERVED AT Tr 05/08/07 at 229-340, 392-393, 475-476) (Assignment of Error #1)

II.  DID THE TRIAL COURT ERR IN DENYING MR.SPATES' MOTION FOR A MISTRIAL BASED UPON A JUROR OVERHEARING CONVERSATIONS BETWEEN THE LAWYERS AND WITNESSES? (Preserved at TR 05/08/07 at 270-276) (Assignment of Error #2)

3

III. DID THE TRIAL COURT ERR BY DETERMINING THAT MR.
   SPATES WAIVED HES RIGHT TO COUNSEL DESPITED HIS
   REQUESTS FOR COUNSEL AT THE TIME OF TRIAL?
   (Preserved at TR 05/07/07 at 4, 17-18, 21, 26,26,27,28,
   29) (Assignment of Error #3)

### ASSIGNMENTS OF ERROR

The Appellant respectfully argues that the September 10,2008,
decision constituted error  by the Court of Appeals of Virginia in the
following ways:

  I. That Court erred by failing to hold that the Trial Court
    erred: in ruling that evidence to convict Mr.Spates was
    sufficient as a matter of law, and;

  II. That court erred by failing to hold that the Trial Court
    erred in dinying Mr. Spates' Motion for a Mistrial based
    upon a juror overhearing a conversation in the courtroom
    between the oawyers and witnesses in which prejudicial
    was discolsed, and;

  III. that Court  further erred by failing to hol that Trial
    Court did not afford Mr. Spates his right to counsel after
    he requested counsel numerous times at the time of trial.

### STATEMENT OF SIGNIFICANT PRECEDENTIAL VALUE

In cases such as this' where the trial court failed to recognize
that evidence to convict Mr.spates was insufficient as a matter of law
this Court needs to delineate a clearer standard of decision making by
the trial court. This is necessary to prevent further convictions
where the Commonweal did not satisfy their burden of proving all
elements of each offense beyond a reasonable doubt.

The Court should also delineate a clearer standard of decision
making by the trial court in cases where the defendant moves for a mis _
c

4

trial based upon valid reasoning. In this case, the juror overheard words prejudicial to Mr. Spates, 'change' and "defense", in the same sentence.

This is important and necessary to ensure that defendants receive a fair trial by an impartioal jury of their peers as afforded by the Sixth Amendment.

When a defendant signs a waiver of counsel, he should be aware of excatly what he is signing, which was not the case in this matter. the defendant at the time of trial requested assistance by counsel and was not  afforded that right. The Court should have a clear standard of how a Defendant should be questioned when deciding to proceed _pro se_ so that the Court can ensure that the defendant is making the decision freely, voluntarily, and knowingly.

### STATEMENT OF FACTS

#### ___Mr. Spates' Defense___

During hiss trial, Maceo Spates testified on his own behalf and told the jury that he had consensual sex with Lisa Waller. (TR 05/08/07 at 348) Mr. Spates testified that they had met around March, 2004 through Tara and Tara's brother, Ms.Waller's fiance.  when he came on a trip from Miami, Fla. He testified that they exchanged phone numbers the day they met, called each other back and forth, and got to know each other a little bit. (TR 05/08/07 at 348) October 9, 2004, was when Ms. Waller and Mr.Spates finally got together phsiclly, according to Mr.Spates. Mr.Spates testified that Ms.Waller called him to let him to let him know Tara was going to be out of town, so he came to Virginia Beach to be with her. (TR 05/08/07 at 350)

That night, Mr. Spates told Ms. Waller that Tara was HIV Positive. (TR 05/08/07 at 350) Ms. Waller became hysterical and began

6

saying things like that her life is on the line and that her life was over. (TR 05/08/07 at 350) Mr. Spates told Ms.Waller that he did not have HIV, although he was not sure at tjat moment whether he had contracted the disease from Tara or whether he was healthy in that regard. TR 05/08/07 at 350-351) Mr.Spates testified that they got into a physical altercation and Ms.Waller went downstairs, grabbed a knife, and returned upstairs stating that he had ended her life. (TR 05/08/07 at 351) Mr.Spates testified that the cuts on MS.Waller's hands were actually from her. (TR 05/08/07 at 351)

He continued, testifying that Ms. Waller asked him to leave. Mr. Spates told her to take him back to the airport. (TR 05/08/07 at 351) Ms. Waller refused, so Mr.Spates grabbed the telephone from Mr.Spates, stating that she was going to call Tara to get to the bottom of the HIV situation. (TR 05/08/07 at 351-352) Mr. Spates then left the residence and flew back home. (TR 05/08/07 at 352) He testied that he wanted to get Tara first to talk to her about what had happened that night, specially that he wanted to deny having sex with Ms.Waller, as he still wanted to be with Tara. (TR 05/08/07 at 352-353) Once he was unable to reach Tara, He called Tara's sister Carmin young, to try to reach Taara sd he was told she was in Atlanta visiting her sister. (TR 05/08/07 at 353)

Carmin Young testified that she knew Mr.Spates, as he was her sister's ex-boyfriend. (TR 05/07/07 at 223-224) She testfied that on October 9,2004, around 8 a.m., she received a teleephone call fron Mr.Spates at her home in Atlanta. (TR 05/07/07 at 224) He stated that he was in Virginia and that Lisa had let him into the house and told him Tara was at Carmin's house. (TR 05/07/07 at 225-227) In a later conversation, Mr.Spates had called her and was very upset about Tara being HIV positive and about them not being together.

7

(TR 05/07/07 at 227-230)

## THE PROSECUTION'S INSUFFICIENT EVIDENCE

Lisa Waller testified that on the weedkend of October 8, 2004, through October 10, 2004, she was living Tara Ebe, at 3935 Morning View Drive in Virginia Beach. (TR 05/07/07 at106-107) Prior to that time, she had met Maceo Spates one time when he was visiting Tara Ebe and they were out at a sports bar. (TR 05/07/07 at 107) She testified she did not recognize him in the courtroom. (TR 05/07/07 at 107)Mr. spates did not live in the area at the time Ms. Waller him.(TR 05/07/07 at 108

Ms walller lived with Ms. Ebe for approximately three months in tje aforementioned townhouse, (TR 05/07/07 at 108) On that October weekend, Ms. Ebe and Ms. Waller's fiance were out of town, and Ms. Waller was home alone. (TR 05/07/07 at 110) After she had lain down in her bed and had fallen asleep, she was awakened by someone being on her back. (TR 05/07/07 at 113-114) The person on her bacd was telling her that she smelled good and he had a knife to her throat. (TR 05/07/07 at 114) she testified that she tried fighting the person off by grabbi- ing the knife, which caused several lacerations to her fingers. the

(TR 05/07/07 at 114-115) The person picked her up and threw her back on the bed after they went to the floor. Then Ms.Waller went to reach for the window, but he grabbed her and she struggled with him. Then this person put her in a choke hold causing her to almost pass out. Then he picked her up, put her on the bed on her stomach, pullled her pajamas down, and raper her. (TR 05/07/07 at 114-115)

This man had a mask on his face, and was wearing all black clothing, including a hooded sweatshirt, so Ms. Waller never saw her attacker's face. (Tr 05/07/07 at 115) In addition to the lacerations to her fingers,  Ms. Waller testified that she also had a mark on her neck from where the knife blade was pressing. (TR 05/07/07 at 116

 After the encounter, the attacker sat back up against the wall, and stated he didn't want to do  this to her, but he had to show Tara that he was serious about what he had said to her. (TR 05/07/07 at 118) Ms. Waller Testified that she didn't know what the man was talking about. (TR 05/07/07 at 118)

The man continued talking to Ms.Waller for approx- imately two to three hours. He said he was ahit man hired to kill Tara and her kids. Ms. Waller testified that thes man talked in detail abo- ut Tara's family members, including calling them by name.(TR 05/07/07 at 119-120)

Ms.Wa;;er also testified that the attacker stated he was hired as a hit man because Tara allegedly gave AIDS to the Man that hired him, and he wanted him to Tara. The  man allegedly told Ms. Waller that he had previously faped over 200 girls. (TR05/07/07 at 120)

Ms. Waller testified that the attacker told ther to come to sit  on the top of the stairway while he wiped down the whole stairway and anything else he touched in her home.(TR 05/07/07 at 122) Then,

9

he told her to vcome and sit on the couch downstairs while he made
a phone call, allegedly to someone named joe or jo-jo. (TR 05/-7/07
at 122-123) After that, MS.Waller testified that the attacker stated
he would let her go, that she better not make any phone calls, and that
he was going to Georgia to kill Tara and her kids. (TR 05/07/07 at 123)
He apologized, saying he was sorry he did that to her, but that he
to get the message out some kind of way, testified Ms.Waller. (TR 05/07/07
at 125)

The attacker then and Ms.Waller grabbed her keys so she
could leave the  house, but he burst back into her home.(TR 05/07/07
at 125) He immediately ran back upstairs and grabbed some papers from
Ms Ebe's room and left again. (TR 05/07/07 at 126)

Ms.Waller left her home in her vehicle. (TR 05/07/07 at 126)
As she was walking out of her home, she heard the sounds of squealing
tires coming from agray light-type car. (TR 05/07/07 at 127) The first
call she made was to Tara Ebe to apprise her of what had just happened
to her and that the attacker stated he was coming to Georgia to kill
her and her kids. (TR 05/07/07 at 127)
Ms.Waller drove to her girlfriends house and called 911 and the
ambulance came and picked her up. (TR 05/07/07 at 127-128) The

ambulance transported Ms. /Waller first to the emergency room and then for a forensic examination somewhere else. (TR 05/07/07 at 129-130)

Ms. Waller testified that she did not engage in consensual sex with the defendant. (TR 05/07/07 at 133)

Tarasita Ebe testified that she has a child in common with Mr. Spates. (TR 05/07/07 at 206) In October of 2004, she was living at the same address as Ms. Waller. (TR 05/07/07 at 206) She had previously broken up with Mr. Spates and they were not on good terms. (TR 05/07/07 at 206) Ms. Ebe testified that Mr. Spates and Ms .Waller had met during the weekend of October 8,2004, she testified that she eas in Atlanta visiting family. (TR 05/07/07 at 209) Before departing for Atlanta, she secured her home by locking the locks on the front door.(TR 05/07/07 at 210 She also testified to locking her bedroom door. (TR 05/07/07 at 210)

In the early mouning hours of October 9, 2004, she received frantic call from MS.Walller.(TR 05/07/07 at 211) Ms Waller was crying and screaming and warning her to be careful because someone was allegedly coming to kill her and her kids. (TR 05/07/07 at 211-212)

The Defendant moved to strike the petit larceny and armed burlary charges on the grounds that the Commonwealth failed to prove he broke into Ms.Waller's home and stole anything. (TR 05/08/07 at 339) The Commonwealth objected and the Court overruled the Defendant's motion on the grounds that there was sufficient evidence to move forward on those charges. (TR 05/08/07 at 340)

15

## THE FACTUAL BASIS FOR THE MISTRIAL

Before Court began on the second day of this jury trial, a juror named Mr. Taurman walked into the courtroom while a conversation was being had by MS.McArdle, the prosecutor, the police detective, the forensic biologist, and Mr.Spates's standby counsel, Ms.Joslin. Ms.McArdle was telling the forensic biologist that Mr.Spates was changing hes defense to consent now. The juror wlked into the courtroom as Ms.McArdle said the aforementioned statement, and questioned him regarding what he ove-rheard. (TR 0508/07 at 270-272) Mr. Taurman stated that he heard some words, and the words defense and change were in the group of words that he heard. (TR 05/08/07 at 272) Mr. Taurman was then excluede from the courtroom. (TR 05/08/07 at 273) The Judge concluded that he did not believe Mr.Taurman heard anything. (TR05/08/07 at 273) Mr. Spates immeediately moved for a mistrial on the grounds that the juror, Mr.Taurman overheard prejudicial words to Mr.Spates' case.(TR 05008/07 at 273-274) Mr. Spates' standby counsel, MS.Joslin, concurred withe Mr.Spates' Motion for a Mistrial, stating that the words heard by Mr.Taurman, defense and change, were very prejudicial words and would serve as abasis for a mistrial. (TR 05/08/07 at274) Ms.Joslin stated that there probably would not be another conclusion to be drawn after hearing those preju-

dicial words other than Mr. Spates having changed his defense.

(TR 05/08/07 at 274) Ms.Joslin noted that during Ms.McArdle proffer as to the statements made by her during the converastion overheard by

16

Mr. Taurman, Ms.McArdle actrally said to the forensic biologist, he

has changed his defense. Ms Joslin continued, stating that the only

word not heard by Mr.Taurman was a pronoun, and that oit is only logical

 to infer that  Mr.Spates had changed hes defense, which is prejudicial

Ms.Joslin also pointed out that what Mr.Taurman overheard was consistent

with what Ms.McArdle admitted to stating during the conversation.

(TR 05/08/07 at 275) The judge denied Mr.Spates' Motion for a Mistrial

on the gounds that he felt the actions wrer5 totallyinnocent.

(TR 05/08/07 at 276) Mr. Spates' exception to the Court ruling was noted

(TR 05/08/07 at 276)

## MR. SPATES DID NOT WAIVE HIS RIGHTS TO COUNSEL

At the time of trial on May 7,2007, Mr.Spates was not ready

to proceed PRO SE. Mr. Spates told the Court repeatedly that he coule

not represent himself, on February 12, 2007, with Judge Shockley presiding

he did not fully understand the ramifications of such a decision.

(TR 05/07/07 at 10) In granting Mr. Spates' Motion, Judge shockley did

explain the ramifications of proceeding P½RO SE

Ms.Joslin, to remain  on the  case as standby counsel only at Ms.Joslin's

(TR 05/07/07 at 5, 18) While  Mr.Spates singed a waiver of counsel,

he did not completely understand what he was signing, and he did not

realize such until afterwards.(TR 05/07/07 at 28)

Before the jury trial started, Mr. Spates conveyed to Judge Padrick that he had retained counsel.(TR 05/07/07 at 4) However, Mr. brice never showed up. Therefore, Mr. Spates was forced by the Court to proceed **PRO SE**, although he expressed over and over again that he was not prepared and would not be able to represent himself.(TR 05/07/07 at 5,17,26-27,29)

### ARGUMENT

### I. THE EVIDENCE CONVICTING MR. SPATES WAS INSUFFICIENT AS A MATTER OF LAW

In determing whether evidence was suficient to support a conviction, the reviewing court views evidence in the light most favorable to the Commonwealth and accords the evidence all reasonable inferences that may fairly be deduced therefrom. **higginbotham v. Commonwealth, 216 Va. 349,352,218 S.E. 2d 534, 537 (1975).** "To satisfy the due process requirements of trhe Federal Constitution, the prosecution must bear the burden of aproving all elements of the offensebeyond a reasonable doubt." **In re Winship,397 U.S. 358, 363 (1970),** quoted in Stokes v. Warden, 226 Va. 111, 117, 306 S.E.2d 882,_____ (1983).

Even in the light most favorable to the Commonwealth, the evidence presented at trial did not amount ot proof beyond a reasonable doubt that Mr. spates raped or wounded Lisa Waller. Mr. Spates explained in his testimony that he had an ongoing relationship eith Lisa Waller and that she had called to invite him to come up from florida to visit her while Tarasita Ebe was in atlanta. He said they had consensual sex and that hte then disclosed to Ms. Waller that he may have contracted HIV from Ms.Ebe. Ms.Waller became very upset and brought the knife into the situation herself while making suicidal comments ae she feared had also contracted HIV.

Ms. Waller claiming that Mr. Spates raped and attacked her

at kinfepoint, standing  alone,does not rise to the level of proof
beyond a reasonable doubt. This is especially true in light of the jury
's verdict acquitting Mr. Spates of armed burglary and wearing a mask
on private property after Ms. Waller testified that the person that
attacked her had broken into her home and was wearing a mask entire
time.

A fact finder's verdict will not be disturbed unless it was
plainly wreong or without evidence to support it. **Albert v. Commowealth,
2 Va. App. 734,741-742, 347 S.E. 2d 534, 538-539 (1986).** When weighing
the evidence, the fact finder is not required to accept entirely either
the  Commonwealthe's or the defedant's  account of the facts. **pugliese
V. Commonwealth, 16 Va. App. 82, 92, 428 S.E. 2d 16,24 (1993) (citations
ommited).** The reviewing court does not substitute its
judgment for that of the jury, but instead asks whether
any rational trier of fact could have found the essentiol elements of
the  crime beyond a reasonable doubt. **Kelly V. commonwealth, 41 Va.
App. 250, 257,584 S.E. 2d 444, 447 (2003) (en banc) (citation ommitted)**
The Virginia courts have stated that, when dealing with the sufficiency
of  a criminal conviction, "a suspicion of guilt, however strong, or
even a probability of guilt is insufficient to support a criminal
conviction." **Sutphin V. commonsealth, 1 Va. App. 241,233,337 S.E. 2d
897,898 (1985).** In addition, in order to convict, "the Commonwealth,
must exclude every reasonable hypothesis ofinnocence."
**Cantrell V. Commonwealth, 7Va.App. 269,289,373, S.E.
2d 328,338, (1988).** the evidence in this case does not ptove beyond
a reasonable doubt that Mr. Spates raped of attacked MS.Walleer,
and accordingly, the convictions for rape, abduction, unlawful wouning
and petit larceny should be reversed and dismissed.

II. MR. SPATES' MOTION FOR A MISTRAIL SHOULD HAVE BEEN GRANTED DUE TO A JUROR OVERHEARING A PREJUDICIAL CONVERSTION BETWEEN THE LAWYERDS AND WITNESSES

The trial court erred in denying Mr.Spates' Motion for a Mistrial after a juror overheard a conversation betwwen the prosecutor, the police detective, the forensic, and Mr.spates' standby counsel, Ms. Joslin.

The U.S. Supreme court has stated:

In a criminal coas, any private communication, contact, or tampering, directly or directly, with a juror during a trial about the matter pending before the jury is presumptively prejudicial if not made in pursuance of konwn Rules of the court and the instruction and directions of the court made during the trial, with full knowledge of the parties. The presumption is not conclusive, but the burden rests heavily upon the Gonernment to the difendant. **Mattox V. United States, 146 U.S. 140, 148-150 (1954); Wheaton V. United States, 133 F.2d 522, 527 (1943) quoted in Remmer v. United States, 347 U.S. 227(1954).**

In this case, Ms. mcArdle, the prosecutor, was descissing chain of custody issue with the aforementioned people. The fact the juror overheard the statement of the Commonweatlh Attorney that Mr. spates was changing hes defense was prejudicial to the case at hand and violated Mr. Spates' Sixth Amendment right to tried by and impartial jury of his peers. Mr.Taurman, the juror involved in the3 conflict, also became the foreman for the juty panel, adding even more doubt to the fact that the jury was impattial. and at the time the defendant Mr. Spates had not testified in his defense.

The Court should have granted Mr. Saptes' and his standby counsel, Ms. Joslin's joint Motion for a Mistrial as Mr.Spates' defense clearly was tainted by the jury foreman's knowledge that the defendant was changing hes defense. Therefore, due to the frndamental unfairness fesulting from the court's denial of the defendant's Motion for a Mistrial, Mr. Spates' convictions should be reversed.

The issue is whether the prosecutor and Judge vilated the defendants' 6th, 14th amendment rights. 1) by discussing the case in the present of the juror   2) The judge denieing the motion for a Mistrial(tr.p.276) the discussion went of for minutes trying to understand and breakdown what the juror heard and what he got from the converstion. this is were the defendant believe the court error. Because it is clear that the court could not decide rather the juror was bias.The sixth Amendment gurantees a criminal defendant the right to a trail by an impartial jury. no right touchesmore the heart of fairness in a trial (quoting **Dennis Waldon stockton V. Commonwealth of  Virginia see (Remmer V. U.S. 347 U.S. 227, 98 L. ED.).**

The defendant right to an impartial jury requires that the government bear the burden of establishing the nonprejudicial character of the contact SEE  **Haley 802 F.2d at 1535-36** and the defendant shows there's no point in the procedure were the commonwealth shows there's no prejudiced or bias in  making comments infront of the juror even through it's was not intentional. it still lays a burden on a fair trial SEE **U.S. V. Raynard Carroll 678 F.2d 1208;(1982)**

**The judge  could have issued curative instruction.so, that the juror could dhave strike what was said by the prosecutor. the comments at least would have been soften.** but, the judge fail to give curative instruction to the Juror also SEE **U.S. V. Allen Morsley At 913-912). and The toughest blow  to the defendant is when a prosector discusses the case of the defense and the defendant has not TESTIFIED** The prosecutor violates the defendant's 5th,6th amendant Right's. The defendant stands not to be convicted except on the basic of evidince adduced against him. there's more than a fair possibility that  improper comments contributed to defendant's conviction SEE **Fatty V. connecticut 375 U.S. 85-86-87, ct. 229,230,11 L.ED. 2d 171(1963).** The prosecutor case

was  built on circumstial evidence it shows plainly because the juror

found the defendant not guilty of armed statutory burglary and wearing a

mask on privated property this supports the issues of circumstial

evidence. and it's held in **(U.S. V. allen morsley). That when the district**

court immediate curative instruction and the evidence of guilt was

overwhelming. the prosector statements while improper, constituted

harmless error. this clearly not this case. Therefore, due to the

fundamental unfairness resulting from the court's denial of the

defendant's Motion for a Mistrial, Mr.Spates's convictions should

be reversed.

### III. THE TRIAL COURT ERRED BY DETERMINING THAT MR. SPATES WAIVED HIS RIGHT TO COUNSEL DESPITE HIS REQUESTS FOR COUNSEL AT THE TIME OF TRIAL

At the time of trial, Mr. Spates was not ready to proceed

**pro se.** Instead, he told the Court repeatedly that there was no w

way he could represent himself as he did not know the procedures

involved with defending himself a jury trial.

On a previous date, Mr.Spates came before Judge Shockley

and told her that he was  expresssing hes fight to represent him-

self in this case. In granting Mr. Spates' motion, Judge shockley

appointed Mr. Spates' previously court-appointed counsel, Ms.Jos-

lin, to remain on  the case as standby counsel only at Ms.Joslin

 request. Mr.spates signed a waiver of counsel, but didn't realize

such until afterwards. Mr.Spates believed he was signing a waiver

allowing him to retain new counsel.

On the date of trial, Mr. Spates conveyed to Judge padrick

 that he had retained counsel. However, Mr. Brice never showed up.

Theerefore, Mr. Spates was forced by the court to proceed **pro se**

although the expressed over and over again that he was not prepared

and would not be able to represent himself.

In **Superintendent v. Barnes, 221 Va. 780, 784,273 S.E. 2d**

**558 (1981).** The supreme court of Virginia held that "the sixth Amendment

commands that 'the accused shall injoy the right...to have the assistance

of counsel for his defens."

"If the accused...has not competently and intelligently waived

jhos constiotutional right [to counsel], the sixth amendment stands as

a jurisdictional bar to a valid conviction and sentence depriving

him of his life or liberty..." **Johson v. Zerbst, 304 U.S.458,468 (1938).**

The Court of appeals held that "the law requires more than

the court's bare assumption that the defendant wa aware of his right

to counsel and knew of the pitfalls of self-representation." **harris v.**

**Commonwealth, 20 Va. App. 194,197, 455 S.E. 2d 759, 760 (1995).** "A

party relying on such a waiver must prove its essentioals by 'clear,

precise, and unequivocal evidence. The evidence must not leave the

matter to mere inference or conjecture but myst be certain in every

particular.'" **Church v.Commonwealth, 230 Va. 208,215,335 S.E. 2d at 827**

**(quoting White V.Commonwealth, 214 Va. 559,560,203S.E. 2d 443, 444 (1974))**

Although Mr.Spates previously expressed that he wated to

proceed **pro se,** he told Judge Padrick at the time oftrial that he was

not ready to proceed becarse he was not prpared to represent himself.

Judge Padrick insisted that Mr. Spates must proceed with the jury trial

**pro se** unless hes retained counsel showed up to assist him. Therefore,

Mr.Spates' Sixth Amendment right to counsel was violated.

The defendant requested an attorney numerals times and

the Judge Padrick refuse. The defendant had no cause to delay the trial

or ask for a continues. it is held in (**UNITED STATES V. ISHMAEL GALLOP**

**838, f. 2d 105). As long as the defendant** can show he's not out to

delay procdure counsel will be granted. the defendant and counsel

had communicated on the subject in private and the counsel said that

she see no problem in representing the defendant because these are

serious charges and complicated issues. the defendant trial was unfair

and prejudiced by these issues. many mistakes was made that prejudiced

the defendant **(Tr. Pg. 271)**

## CONCLUSION

for the errors commiited in the questions Presented, the
convictions for rape, abduciton, unlawfrl wounding and petrit larceny
should be reversed, and the matter should be dimissed.


Respectifully submitted,
 Maceo Ali Spates