IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

MACEO SPATES, NO. 1199722,

PETITIONER,



FILED
NOV 25 2011
CLERK  COURT

v.  Civil Action No. 2:11cv284

HAROLD CLARKE, DIRECTOR,
Virginia Department of Corrections,

RESPONDENT.

## RESPONSE TO RESPONDENT'S MOTION TO DISMISS

### Procedural History

1). Paragraph (1), (2), (3), and (4) of the Respondent's Motion to Dismiss is accepted as true.

2). Paragraph (5), (6), and (7) of the Respondent's Motion to Dismiss is accepted as true.

3). Paragraph (8), and (9) of the Respondent's Motion to Dismiss is accepted as true.

### Present Petition

10). On or about may 16, 2011, the petitioner filed his present petition in this Court in which he attacks his convictions on the ground that "the September 10, 2008, decision constituted error by the Court of Appeals of Virginia in the following ways:

> I. That the Court erred by failing to hold that the Trial Court erred in ruling that Evidence to convict Mr. Spates was sufficient as a matter of law, and;

II. That court erred by failing to hold that the Trial Court erred in denying [sic] Mr. Spates' Motion for a Mistrial based upon a juror overhearing a Conversation in the courtroom between the lawyers[sic]and witnesses in which Prejudicial comment was disclosed [sic], and;

III. That Court further erred by failing to hold [sic] that Trial Court did not afford Mr. Spates his right to counsel after he requested counsel numerous times at the time of trial.

## EXHAUSTION

11).Paragraph (11), and (12) of the respondent motion to dismiss is accepted as true.

## MERITS AND STANDARD OF REVIEW

13). Review of the petitioner's claims on the merits is governed by the AEDPA. The AEDPA standard requires deference to the state court's merits decision unless the Decision was: (1) contrary to, or an unreasonable application of, a clearly established United States Supreme Court decision or (2) based on an unreasonable determination of Facts. See 28 U.S.C AT 2254(d): *Williams V. Taylor*, **529 U.S. 362, 403-13 (2000):**

14). Paragraph (14), (15) of the respondent motion to dismiss is accepted as true.

## PETITIONER ARGUMENT OF CLAIM I
## INSUFFICIENT EVIDENCE

Petitioner's argues, in determining whether evidence was sufficient to support A conviction, "To satisfy the due process requirements of the Federal Constitution, The prosecution must bear the burden of proving all elements of the offense beyond

A reasonable doubt." *IN Re Winship*, 397 U.S. 358, 363 (1970), quoted in *Stokes v. Warden*, 226 Va. `111, 117m 306 S.E.2d 882, (1983).

The evidence presented trial did not amount to proof beyond a reasonable doubt that Mr. Spates raped or wounded Lisa Waller. Mr. Spates explained in his testimony that he had an ongoing Relationship with Lisa Waller, and that she had called to invite him to come up from Florida to visit her while Tarasita Ebe was in Florida. He said they had consensual sex and that he then disclosed to Ms. Waller that he may have contracted HIV from Ms.Ebe.

Ms. Waller became very upset and brought the knife into the situation herself while making suicidal comments as she feared she had also contracted HIV.

Ms. Waller claiming that Mr. Spates raped and attacked her at knifepoint, standing alone, does not rise to the level of proof beyond a reasonable doubt. This is especially true in light of the jury's verdict acquitting Mr. Spates of armed burglary and wearing a mask on private property after Ms. Waller testified that the person that attacked her had broken into her home and was wearing a mask the entire time.

A fact finder's verdict will not be disturbed unless it was plainly wrong of without evidence to support it. See *Albert v. Commonwealth*, 2 Va. App. 734, 741-42, 347 S.E.2d 534, 538-539 (1986). When weighing the evidence, the fact finder is not required to accept entirely either the Commonwealth's or the defendant's account of the facts. *Pugliese v. Commonwealth*, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993) (citations omitted). The reviewing court does not substitute its judgment for that of the jury, but instead asks whether any rational trier of fact could have found the essential elements of

the crime beyond a reasonable doubt. See *Kelly v. Commonwealth*, **41 Va. App. 250, 257, 584 S. E. 2d 444, 447 (2003) (En banc) (citations omitted).**

The Virginia courts have stated that, when dealing with the sufficiency of a criminal conviction, "a suspicion of guilt, however strong, or even a probability of guilt, is insufficient to support a criminal conviction." see *Sutphin v. Commonwealth*, **1 Va. App. 241, 244, 337 S.E.2d 897,898 (1985).** In addition, in order to convict, "the commonwealth must exclude every reasonable hypothesis of innocence." See *Cantrell v Commonwealth*, **7 Va. App. 269, 289, 373 S.E.2d 328, 338 (1988).** The evidence in this case does not prove beyond a reasonable doubt that Mr. Spates raped of attacked Ms. Waller.

The respondent argues, that the petitioner **claim I** is "procedurally defaulted" And barred from federal habeas review, on the grounds that the petitioner did not comply with rule 5A:20(e), in conjunction with Rule 5A:12(c), of the Rules of the Supreme Court of Virginia.

The defendant argue that the commonwealth did not prove there case beyond a reasonable doubt. To meet the end of justice.

Petitioner rely on the exception for good cause or to meet the ends of justice, see e.g., *Redman V. Commonwealth*, **25 Va. App 215, 221, (1997)** and see *Charles v commonwealth*,**270 Va. 14 (2005)**

The petitioner ask the court to provoke the exception to the habeas corpus 2254 And grant the habeas corpus.

## PETITIONER'S ARGUMENT OF CLAIM II
## MISTRIAL SHOULD HAVE BEEN GRANTED

The trial court erred in denying Mr. Spates' Motion for a Mistrial after a juror overheard a conversation between the prosecutor, the police detective, the forensic biologist, and Mr. Spates' standby counsel, Ms. Joslin.

The U.S. Supreme Court has stated:

In a criminal case, any private communication, contact, or tampering, Directly or indirectly, with a juror during a trial abort the matter pending Before the jury is presumptively prejudicial, if not made in pursuance of Known rules of the court and the instructions and directions of the court Made during the trial, with full knowledge to the parties. The Presumption is not conclusive, but the burden rests heavily upon the Government to establish, after notice to and hearing of the defendant, That such contact with the juror was harmless to the defendant. *Mattox v. United States*, 146 U.S. 140, 148-150 (1954); *Wheaton V. United States*, 133 F.2d 522, 527 (1943) *quoted in Remmer V. United States*, 347 U.S. 227 (1954).

In this case, Ms.McArdle, the (prosecutor), was discussing the chain of custody issue with the aforementioned people. The fact that the juror overheard the statement of the Commonwealth Attorney that Mr. Spates was changing his defense was prejudicial to the case. On May 8, 2007 Ms. McArdle was in the courtroom discussing the case with the police detective, the forensic biologist, and Ms. Joslin. She was discussing the chain of custody issue and additional witness. She turn to the forensic biologist to explain and said, "'oh, yea!' he's totally changed his defense, he's going consensual now" (TR. p.270). At that moment in the conversation a juror walk in the courtroom. The juror overheard the prosecutor conversation that the petitioner was changing his defense.

The Judge calls the juror to the courtroom (tr. P.272). When the judge questions the juror, he confirms that he overheard the conversation. The juror admitted that he

heard change and Defense. The juror admitted that he heard the conversation. The petitioner contends that the Juror (Mr. Taurman) heard more than change and defense because he said "change and defense was in there" (TR. P 270). The juror confirm that he overheard bias and prejudice remarks. About the defendant, this is clearly a violation of the petitioner's 6th and 14th Amendment rights. The judge at that time could had dismiss the juror and bring in an alternate to make sure and preserve the defendant right's and make sure there's no bias or prejudiced to the defendant trial.

The sixth amendment guarantees a criminal defendant the right to a trial by an impartial juror. See *Dennis waldon Stockton v. commonwealth* also See. *Remmer v. U.S. 347 U.S. 227, 98 L. ed. 654, 74 s. Ct.450.* The government bear the burden of establishing the nonprejudicial character of the contact see *Haley 802 f. 2d at 1535-36.* The defendant shows that there's no point in the proceeding where the commonwealth or the judge shows that there's no prejudice or bias in making comments in front of the juror See. *U.S. V. Raynard Carroll 678.F.2d 1209 (1982).*

The judge conducted a hearing to established what the juror heard and didn't hear (Tr. P.270-276)

The Juror (Mr. Taurman) stated that he closed his ears. But, this is not all the way true. Because, the Juror (Mr. Taurman) also stated that 'change and defense' was in their (Tr. P. 273) proving from the record he had heard more. If the judge had issued curative instruction so, the juror could have strike what was said by the prosecutor, the comments would have been softened. But, the judge fails to give curative instruction to the juror. See *U.S. V. Allen morsley* at 913-912. And at the hearing the judge never established if

Mr.Taurman was impartial or not. The hearing was ambiguous. The judge should have at least interrogated the Juror to perceive the defendant rights and make sure the juror was Impartial and can put aside what he heard. The Judge fails to do so.

The toughest blow to the defendant is when a prosecutor discusses the case of the defense and the defendant has not testified. The prosecutor violates the defendant's 5th, 6th, and 14th amendment rights. The defendant stands not to be convicted except on the basic of evidence adduced against him, see *U.S. v.raynard* **678 F. 2d 1208 ( 1982)** there's more than a possibility that improper comments contributed to defendant's conviction. See *Fatty V. Connecticut* **375 U.S. 85-86-87, 84S.Ct.229,230** .

The prosecutor case was built on circumstantial evidence. It shows plainly because the juror found the defendant not guilty of armed statutory burglary and wearing a mask on private property. Especially, when the victim, states over and over that the petitioner was wearing a mask the entire time. this support issue of circumstantial evidence. And it's held in *U.S. V. Allen Morsley* that when the district courts immediate curative instruction and the evidence of guilt was overwhelming. The prosecutor statements while improper constituted harmless error. This is clearly not the case. The Court should have granted Mr. Spates' and his standby counsel, Ms. Joslin Joint Motion for a Mistrial as Mr. Spates' defense clearly was tainted by the jury foreman's knowledge that the defendant was changing his defense. Therefore, due to the Fundamental unfairness resulting from the court's denial of the defendant's Motion for a Mistrial, Mr. Spates' convictions should be reversed.

## PETTITIONER ARGUMENT OF CLAIM III
## WAVIER OF COUNSEL

At the time of trial, Mr. Spates was not ready to proceed *pro se.* Instead, he told the Court repeatedly that there was no way he could represent himself as he did not know the procedures involved with defending himself during a jury trial.

On a previous date, Mr. Spates came before Judge Shockley and told her that he was expressing his right to hire new counsel or represent himself in this case. Because, there was a break down in the (lawyer and client) relationship and Ms. Joslin and the petitioner was not on the same page.

The petitioner made the judge aware that he will be seeking new counsel. But, the Judge refuse to let the petitioner have a continues to seek new counsel. The defendant was compelled to proceed *pro se* to get a fair defense.

The petitioner did not sign a waiver of counsel on February 12, 2007. On April 2, 2007 Defendant sign a waiver thinking he was signing a waiver to hire new representation not to be force to proceed *pro se.* The day that the petitioner sign the Waiver of counsel form, Judge Shockley did not make the petitioner aware of the pit-fall Of self–Representation and the serious of the changes.

Defendant was not made aware of a waiver to proceed *pro se* and *pro se* only. The waiver stated defendant can proceed pro se or hire a counsel. Mr. Spates. Believed he was signing a waiver allowing him to retain new counsel.

On the date of trial, Mr. Spates conveyed to Judge padrick that he had retained counsel. However, Mr. Brice showed up late. Therefore, Mr. Spates was forced by the Court to proceed *pro se* although he expressed over and over again that he was not prepared and would not be able to represent himself.

In *Superintendent V. Barnes*, 221 Va. 780, 784, 273 S.E.2d 558 (1981). The Supreme Court of Virginia held that "the Sixth Amendment commands that 'the accused shall enjoy the right .... To have the Assistance of Counsel for his defense."

"If the accused . . . has not competently an intelligently waived his constitutional right [to counsel], the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or liberty. . ." *Johnson v. Zerbst*, **304 U.S. 458, 468 (1938).**

The Court of Appeals held that "the law requires more than the court's bare assumption that the defendant was aware of his right to counsel and knew of the pitfalls of self-representation." *Harris v. Commonwealth*, 20 Va. App. 194, 197, 455 S.E. **2d 759, 760 (1995).** "A party relying on such a waiver must prove its essentials by 'clear, precise' and unequivocal evidence. The evidence must not leave the matter to mere inference of conjecture but must be certain in every particular.'" *Church v. Commonwealth* **230 Va. 208, 215, 335 S.E. 2d at 827** (quoting *White V. commonwealth*, **214 Va. 559, 560, 203 S.E.2d 443, 444 (1974)).**

The burden is on the Commonwealth to prove waiver of the right to counsel by clear, precise and unequivocal evidence. *Sargent v. Commonwealth,* **5 Va. App. 143, 360 S.E.2d 895 (1987).** Regarding an accused's Sixth Amendment right to counsel, the burden is on the Commonwealth to prove waiver of the right to counsel by clear, precise and unequivocal evidence. Courts must indulge every reasonable presumption against waiver of fundamental constitutional rights and the court does not presume acquiescence in the loss of fundamental rights. Presuming waiver from a silent record is impermissible. The record must show that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.

On February 02, 2007, [Judge] Shockley did not give the petitioner curative instruction on self-representation and denied the petitioner a continues to hire or appointment new counsel. The defendant felt that Ms.Joslin was not in his best interest.

On May 7, 2007 the petitioner requested over and over to have time for his counsel to show up. The Judge continues to deny the petitioner request. Instead gave the defendant the option to take back Ms.Joslin (Tr. p. 5) or to represent himself which the defendant accepted to take back Ms.Joslin (Tr. p.17-21).

The Judge denied the petitioner request to have Ms.Joslin to represent him After the Judge told the defendant that he can have Ms.Joslin to represent him.

The judge abused his discretion. The courts rule in **_Brewer v. Williams_ 430 U.S 287,404,97 (1977)**. That, the courts must entertain every reasonable presumption against waiver of counsel.

The Respondent argues that the petitioner requested a continues on the day of Trial [May 07, 2007] and was trying to delay and abuse the right to have counsel. the defendant shows that he never ask for an continue or abuse nor delay the proceeding when he ask to take back Ms. Joslin See.(Tr. P.27)

the petitioner continue to make the judge aware that he did not understand the waiver that he signed and that he can't represent his self See. (Tr. P.28-29).

The judge continue to ignore the defendant request for counsel after the petitioner continues to make the judge aware that he did not know what he had signed and he did not know the law or procedure 's. the Judge did not give the petitioner a reason why miss

Joslin could not represent the petitioner Ms. Joslin did not say she couldn't represent the petitioner.

The respondents rely on the notion that the petitioner was trying to delay the trail. Not that the defendant understood what he was signing. The petitioner shows that he was not delaying the trial at no time of the proceedings on (May 07, 2007). But, the petitioner Do show that he did not, at no time knew what he was signing on (April 27, 2007)

The petitioner **Claim III** shows that theirs a contrary to and an unreasonable application of a clearly established United States Supreme Court decision and it rest upon an unreasonable finding of facts See. **_Gideon v. Wainwright_, 372 u.s. 335 (1963)** and also **See. _Johnson v. Zerbst_ 82 L ed 1461 (1938)**

The petitioner contends that [his] constitutional right [to counsel], the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving Him of his life and liberty See. **_Edwards v. Commonwealth_, 21 Va. App. 116,123 (1995)**

## Conclusion

The petitioner habeas corpus [2254] should be granted. And an evidentiary hearing is necessary.

WHEREFORE, the petitioner prays that the 2254 writ of habeas corpus be granted.

Respectfully submitted,

MACEO SPATES

*/s/ Maceo Spates*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing, _petitioner response, was mailed to The Office of the Attorney General for the State of Virginia 900 east Main Street Richmond, Va., 23219, [counsel] Jennifer C. Williamson Assistant Attorney General Virginia State Bar No. 29052 Counsel for Respondent of record for the Defendants on this 23 day of Nov , 2011.

Maceo A. Spates
Augusta Correctional Center
1821 Estaline Valley Road
Craigsville, Va 24430

*/s/ Maceo Spates*