## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*



FILED

APR 5 2012

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**MACEO SPATES, NO. 1199722,**

**PETITIONER,**

v.

Civil Action No. 2:11cv284

**HAROLD CLARKE, DIRECTOR,**
**Virginia Department of Corrections,**

**RESPONDENT.**

## PETITIONER BRIEF
## IN SUPPORT ON CLAIM III
## OF PETITIONER HABEAS CORPUS

Petitioner argues that petitioner did not waive his right to counsel; On February 12, 2007 Petitioner trial was set for jury trial. Two days prior to petitioner trial

Petitioner court appointed counsel came to visit petitioner. At the visit, petitioner made counsel aware that he had motions that he will like to present. Petitioner and attorney could not agree on presenting the motions. At that meeting petitioner court appointed counsel made the petitioner aware that she will be submitted a motion that she will withdraw from petitioner case see (TR. p.2 Feb 12, 2007).

Petitioner and court appointed counsel had a major breakdown in attorney and client relationship which petitioner tried to make the courts aware of on February 12, 2007.

The Petitioner did not at any time wanted to represent his self in the case. The Petitioner made the judge aware that he told his counsel that if she did not file the motions. He fill that he would be force to hire new counsel or represent himself to have a fare an equal trial. See (TR. p.3, Feb12, 2007).

The petitioner continue to make the court aware that he was not trying to represent his self See (TR p.3,4) but his counsel was not in his favor or was not given any effort to defend the petitioner in these serious charges and the judge on February, 12 2007 was not going to give petitioner any continues. See (TR p.7-9).

The judge move forward to hear all motion. when, petitioner presented his motions the judge denied the motions and proceeded to hear the lawyer motion to redraw from the petitioner case See (TR p.11-13). The Judge gave petitioner and counsel time to consult with one another in the back of the courtroom. A recessed was taking at 10:05 a.m at 10:15 a.m the hearing continued as follows.

The petitioner and counsel could not agree on the way to pursue the case in the petitioner best interest. Counsel notified the court that petitioner continue to want to represent his self but would like to remain as standby counsel.

Petitioner argues that at no time in the proceedings he was made aware of the pitfall of self representation. in the proceedings the judge did not give petitioner proper instruction of self representation that the law and courts require *quoting* ***Harris v. Commonwealth 20 va,app.194,197,455 S.E*** .

The record supports petitioner claims that never once in the proceedings he had made this decision knowing all the fact and ramifications of self-representation

It shows from the record that the defendant made his decision under unstable circumstances. The petitioner did not sign the waiver with his eyes open.

The Judge only made the petitioner aware that this is a jury trial and there are a lot of legal points that lawyers go to law school and gain Experience to learn. See (TR p.3).

Petitioner stands on the grounds that the waiver alone cannot stand as a waiver of counsel *quoting* ***fattaleh v. commonwealth 2006 va. app***

The Commonwealth of Virginia has the burden of proving a waiver of the right to counsel by clear, precise, and unequivocal evidence. The evidence must not leave the matter to mere inference or conjecture but must be certain in every particular. The law requires more than the court's bare assumption that the defendant was aware of his right to counsel and knew of the pitfalls of self-representation. Presuming waiver from a silent record is impermissible. The record must show that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver. In determining whether the waiver was made knowingly and intelligently, the following standard applies: The court should entertain every reasonable presumption against waiver; the court must at least make the defendant aware of the dangers and disadvantages of self-representation so that the defendant knows what he is doing and his choice is made with his eyes open. *Quoting* ***sergeant v.commonwealth, 5 va. app***.

The judge at the February 12, 2007 hearing/trial only told the petitioner that he will be held to the same standards as an attorney See (TR p.13, 14).

The judge ask the petitioner was their any more issues between him and his attorney and the defendant try to explain in deed their were. But, The petitioner was cut off in the middle of his sentence. See (TR.p.15 line 22-25 p.16 line 1-3)

The petitioner brief in support of his habeas corpus shows from the record the proceedings falls below the standard of the petitioner Sixth Amendment rights require by the constitution of the United States of America.

It is held in ***Johnson v. Zerbst, 304 U.S. 458, 468 (1938)*** "if the accused.... has not competently and intelligently waived his constitutional right [to counsel], the Sixth

Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or liberty.

[304 US 464]

It has been pointed out that "courts indulge every reasonable presumption against waiver" of fundamental constitutional rights and that we "do not presume acquiescence in

the loss of fundamental rights." A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of the right to Counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

On February 12, 2007 never once in the proceeding the Judge understood or question the petitioner about his living background, educational level and/or mental [background/level] to make sure the petitioner is of sound mine at the time of waiving counsel.


On May 7, 2007 petitioner trial was set. On that day of trial the petitioner believed that he had the right to counsel. The petitioner had hire counsel that did not show up on time See (TR P.4-5).

The judge told the petitioner "but it's either going to be you representing yourself – you can always change your mind and take Ms. Joslin back." See (TR p.5 line 20-22)

At that time the defendant made the judge aware he would like to take his counsel back. See (TR 05/07/07 p.17-18) when the petitioner notified the judge of his decision The judge told the petitioner that he can not have the counsel represent him with no explanation.

The Court of Appeals held that "the law requires more than the court's bare assumption that the defendant was aware of his right to counsel and knew of the pitfalls of self-representation."

It is clear that the petitioner did not know what was going on at the time of the waiver of counsel or the signing of the waiver of counsel from the transcripts of the February 12, 2007 and the transcript of the may 7, 2007 hearing/trials.

The judge on may 7, 2007 continue to make the petitioner aware of how serious the charges are and how much time the petitioner was facing in prison See (TR 05/05/07 p.19) never acknowledging that petitioner did not know what he was signing on the April 27, 2007 [hearing/trial].

The judge continues telling the petitioner that he was mismatch by the prosecutor from the start. The judge clearly knew and admitted that the petitioner had no chance of any fair trial.

The judge continues to allow the petitioner to represent his self after the Judge told the petitioner that this is a complicated trial.

The Petitioner told the judge that he can not represent his self in this trial because he thought he was signing a waiver to hire new counsel not to be force to represent his self.

The judge denied the petitioner constitution rights by admitting that the defendant "put his self in a little bit of a pickle" See (TR P.19-21 05/07/07)

The petitioner proves that he did not set out to delayed the trial or circumvent the courts at no time by asking the judge to appoint Ms. Joslin on may 7, 2007 and continue the trial that day See (TR 05/07/07 p.17-21).and See (05/07/07 P.26 line 17)... The petitioner continues to notify the courts that he can not represent his self. He did not know what he was signing and he hire new counsel. See (TR 05/07/07 p.28).

The judge continues, never giving Ms.Joslin a chance to explain why she can't represent the petitioner.

On April 23, 2007 Judge Shockley did not give the petitioner adequate instruction on self-representation to show that this waiver was adequate to justify petitioner waiver of counsel.

The waiver can not be supported by a silence and unjust record.

A party relying on such a waiver must prove its essentials by 'clear, precise, and unequivocal evidence. The evidence must not leave the matter to mere inference or conjecture but must be certain in every particular. Quoted ***Church v. commonwealth, 230 Va. 208, 215, 335 S.E.2d at 827 (Quoting White V. commonwealth, 214 Va. 559,560,203 S.E.2d 443,444 (1974))***

Although Mr. Spates previously expressed that he wanted to proceed pro se, he told Judge Padrick at the time of trial that he was not ready to proceed because he was not prepared to represent himself. Judge Padrick insisted that Mr. Spates must proceed with the jury trial pro se unless his retained counsel showed up to assist him. Therefore, Mr. Spates Sixth Amendment right to counsel was violated.

## CONCLUSION

The petitioner constitution sixth amendment right was violated due to the fact that Judge Shockley did not warn the petitioner of the pit falls of self-representation but only relied on the waiver form that the petitioner sign on April 23,2007.

On April 23, 2007 the Judge had numerous of time to make the petitioner aware of the pit fall of self-representation while signing the waiver form but, Judge Shockley still fell to do so to preserve the defendant constitution rights.

This form can not suffice to deny the defendant to the representation of counsel But only support the ends. Ms.Shockley is bound by the courts to make the defendant aware of self-representation. But, the judge fell below these standards. The petitioner prays that the habeas corpus be granted and petitioner be granted a new trial.

_Iowa v. Tovar, 541 U.S. 77, 124 S. Ct. 1379, 158 L. Ed. 2d 209 (2004)_ (waiver of counsel at critical stages must meet strict constitutional requirements). The petitioner shows that he never sought out to represent himself but was made aware that his counsel will be putting in her motion to withdraw form the petitioner case because it also shows that petitioner counsel had put her motion in the day before trial and was not prepare to represent the defendant.

The petitioner shows there was a breakdown in counsel and defendant relationship the petitioner had no chance at trial on February 17, 2007 but to proceed pro se under the condition the petitioner was under.

The judge violates the petitioner constitutional right by not giving petitioner adequate instruction on self-representation.

For errors committed in the Questions Presented, the convictions for rape, abduction, Unlawful wounding and petit larceny should be reversed, and the matter should be dismissed. Or the petitioner should be granted a new trial.

Respectfully submitted,
MACEO ALI SPATES

*[signature]*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing, _Brief_ _____ was mailed to The Office of the Attorney General for the State of Virginia 900 east Main Street Richmond, Va., 23219, this _2_ day of _April_ _____, 2012.

*[signature]*
Maceo Spates 1199722