IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MACEO ALI SPATES, #1199722,
   Petitioner

v.                Civil Action No. 2:11cv284

HAROLD W. CLARKE, DIRECTOR,
Virginia Department of Corrections,
   Respondent.

DIRECTOR'S OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

  The Director of the Virginia Department of Corrections, by counsel, makes the following objections to the Magistrate Judge's Report and Recommendation (R&R) filed on June 5, 2012:

<u>Claim III</u>

  In Claim III of his federal habeas petition, Maceo Spates alleged that the Court of Appeals of Virginia erred by failing to hold that the trial court did not afford Spates his right to counsel. Spates argued that he was not ready to proceed *pro se* on the day of trial, but was forced to do so when his retained counsel did not appear. Spates also contended that he did not knowingly and intelligently waive his right to counsel because he did not understand the waiver of counsel he signed.

  The Magistrate Judge erroneously recommended relief on Claim III. The Magistrate Judge (1) improperly considered evidence Spates did not present to the state court, (2) improperly failed to defer to the state court's dismissal of the same claim on the merits when Spates presented it there, and (3) improperly relied on cases not decided by the United State Supreme Court to hold that state court's decision was contrary to "clearly

established federal law" under 28 U.S.C. § 2254(d)(2).

(1) In its § 2254(d) analysis, the federal court is barred from considering any evidence that the state court did not have before it for review. *Cullen v. Pinholster*, 131 S. Ct. 1388 at 1411 n.20 (2011); *followed*, *Jackson v. Kelly*, 650 F.3d 477, 492 (4th Cir.), *cert. and stay denied*, 132 S. Ct. 64 (2011). In particular, the federal court may not consider any new evidence that was presented to the federal district court, and not to the state court whose decision is being challenged. *Id.* As the Supreme Court has made explicit, "evidence introduced in federal court has no bearing on § 2254(d)(1) review." *Pinholster*, 131 S. Ct. at 1400.

> Although state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so. Provisions like §§ 2254(d)(1) and (e)(2) ensure that "[f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Williams*, 529 U.S. at 437; see also *Richter*, 178 L. Ed. 2d 624, 642 ("Section 2254(d) part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions"); *Wainwright* v. *Sykes*, 433 U.S. 72, 90 (1977) ("[T]he state trial on the merits [should be] the 'main event,' so to speak, rather than a 'tryout on the road' for what will later be the determinative federal habeas hearing").

*Id.*, 131 S. Ct. at 1401.

The Magistrate Judge faults the factual findings by the state court, but he improperly relies on a transcript Spates never provided to the Virginia Court of Appeals. Indeed the Magistrate Judge himself states that the transcript of the February 12, 2007, hearing "was not prepared until February 2, 2012, pursuant to an Order, dated January 17, 2012, by this Court." (R&R 18). Because those facts were not presented to the Virginia Court of Appeals, the Magistrate Judge clearly erred in finding that "the Court of

Appeals' decision was 'based on an unreasonable determination of the facts *in light of the evidence presented in the state court proceeding.*' 28 U.S.C. § 2254(d)(2)." (R&R 18) (emphasis added).

The Magistrate Judge also errs in his new findings of fact. Although the Magistrate Judge characterizes the February 12, 2007, proceedings as "a pre-trial hearing" (R&R 12), Spates' case had been set for a jury trial on that date, after Spates delayed the bench trial set for December 5, 2006, by a request for a jury on December 4, 2006. (Feb. 12, 2007 Tr. at 15:17-19) (ECF No. 16-1); Clerk's Record, *Commonwealth v. Spates*, Case No. CR06-130 (Cir. Ct. of Va. Beach, Va.) MS file at 58-59. On February 12, 2007, the jury demanded by Spates was present, as were the witnesses for the Commonwealth. (Feb. 12, 2007 Tr. at 11:9, 12:21,15:21). When Spates attempted to force another delay by discharging his second court appointed counsel,[1] the trial judge initially denied Spates' motion for a continuance. (*Id.* at 16:7). The prosecutor stated that she had agreements with Spates' counsel about some of the evidence. (*Id.* at 18:25-19:2). The trial judge then announced it would set a new schedule (*id.* at 20:22), noting that that the stipulations the prosecutor had reached with Spates' counsel were now "out the window." (*Id.* at 21:21-22). The trial judge then set two new dates; a motions hearing on April 23, 2007 (*id.* at 28:12-21) , and a jury trial to begin on May 7, 2007. (*Id.* at 27:18).

The trial court took up Spates' motion to waive counsel at the April 23, 2007,

---

[1] The state court had originally appointed the public defender to represent Spates. (Clerk's MS File at 5). Janee Joslin, Esquire, a private attorney, was appointed on December 5, 2005, because the public defender had previously represented a potential witness for the prosecution. (Clerk's MS File at 24-25).

hearing (May 7, 2007 Tr. at 27:22-24), as further evidenced by his executing the acknowledgment on that date. *See Spates v. Com.*, Record No. 2151-07-1 (Va. Ct. App. Sept. 10. 2008) at 14 (attached to Director's Mot. to Dismiss as Exh. 2) (ECF No. No. 10-2). The Magistrate Judge is therefore clearly wrong to conclude from the February 12, 2007, transcript that the trial court judge made no "inquiry into the educational background or capabilities of the defendant," and did not "explain the charges and possible punishments to Spates before accepting his waiver of right to counsel." (R&R 13).

(2) The Magistrate Judge clearly erred in holding that "the Court of Appeals' decision was 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" (R&R 18), Under 28 U.S.C. § 2254(e)(1), a determination of a factual issue made by the state courts shall be presumed correct and may be rebutted only by clear and convincing evidence. *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007). Facts found by the appellate court enjoy the same presumption. *See Sumner v. Mata*, 449 U.S. 539, 541-549 (1981).

When a claim has been adjudicated on its merits by a state court, a federal court reviewing the same claim must first determine whether the state court's decision was unreasonable under § 2254(d). *Pinholster*, 131 S. Ct. at 1398. To prove unreasonableness, the petitioner must demonstrate that there is "no reasonable basis" upon which the state court judgment could rest. *Id.* at 1402. If there is any conceivable basis for reasonableness, then § 2254(d) mandates that the writ "shall not be granted" and the federal court's "analysis is at an end." *Id.* at 1411 n.20. "The question under

AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Landrigan*, 127 S. Ct. at 1939.

> In *Wright*, we held that the criterion of a reasonable determination for purposes of § 2254(d) is not "whether [the state court decision] is well reasoned," but "whether the determination is at least minimally consistent with the facts and circumstances of the case." *Id*. at 157 (*quoting Hennon v. Cooper*, 109 F.3d 330, 335 (7th Cir. 1997)).

*Bell v. Jarvis*, 236 F.3d at 159 (citing *Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998)). In *Bell v. Cone*, 535 U.S. 685 (2002), the Supreme Court made clear that the federal courts may not conduct a *de novo* review of claims rejected on their merits by the state court: "a federal habeas court may not issue a writ … 'simply because a federal habeas court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly.'" 535 U.S. at 694 (quoting *Williams v. Taylor*, 529 U.S. 362, 411 (2000)); *accord*, *Holland v. Jackson*, 542 U.S. 649, 653 (2004).

The Virginia Court of Appeals found that Spates requested to relieve his court-appointed counsel and proceed *pro se* at the February 12, 2007, hearing. It further found that he signed a waiver form at the April 23, 2007, hearing:

> The form indicates appellant was advised of the charges against him, of the potential punishment he faced, and of his right to be represented by counsel. Appellant waived these rights "of [his] own choice, voluntarily, of [his] own free will, without any threats, promises, force or coercion." The judge also signed the form indicating appellant was subject to oral examination and was advised of his rights, understood his rights, and "knowingly, voluntarily and intelligently waived his rights to be represented by a lawyer." Accordingly, the record includes ample evidence that appellant freely and voluntarily waived his right to be represented by counsel at trial.

5

*See Spates v. Com.*, slip op. at 4-5.

In rejecting the finding of the Virginia Court of Appeals that the trial court had "ample evidence" to find that Spates validly waived counsel, the Magistrate Judge finds only that he "feels that this conclusion simply cannot be true." (R&R 18). Such a finding is insufficient to support his recommendation. Even when the state court decision in fact *is* incorrect, it is not grounds for relief in a federal habeas court unless it was unreasonable. *Brown v. Payton*, 544 U.S. 133, 141-44 (2005). *See also Mitchell v. Esparza*, 540 U.S. 12, 16-18 (2004) (not unreasonable for state court to find harmless the failure to charge an element of the crime in the indictment); *Early v. Packer*, 537 U.S. 3, 8 (2002) (state court decision may be reasonable even if state court did not know Supreme Court governing law); *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (benefit of doubt must be given to reasonableness of state court decision).

The holding of the Virginia Court of Appeals cannot be said to be unreasonable. It relied on the written waiver signed by Spates and certified by the trial judge on April 23, 2007, stating that Spates had been advised of the nature of the charges, the potential punishment he faced, his right to counsel, the aid counsel could give, the risk of facing "complicated legal issues" without counsel, his right to waive counsel, and his decision to waive counsel. *Spates v. Com.*, slip op. at 4-5; *see also*, Clerk's MS file at 74 (copy attached).[2] Nothing in the record before the Court of Appeals of Virginia in any way

---

[2] In the same document, Spates also acknowledged that he was otherwise entitled only to a "reasonable opportunity" to retain his own counsel, that the judge would decide what was a "reasonable opportunity," and that if he had not hired a lawyer in that time, "the judge may try the case even though I do not have a lawyer to represent me." *Id*.

refuted the trial court's certification. The Court of Appeals of Virginia was certainly reasonable to follow a presumption of regularity, that the trial court had conducted the April 23,2007, hearing on Spates waiver correctly, in deciding to accept the trial court's certification. The presumption of regularity is applicable even to waivers of constitutional rights. *Parke v. Raley*, 506 U.S. 20, 29 (1992). The Supreme Court has held that a trial court is presumed to have conducted the colloquy required by *Boykin* v. *Alabama,* 395 U.S. 238 (1969), before accepting a guilty plea:

> There is no good reason to suspend the presumption of regularity here. This is not a case in which an extant transcript is suspiciously "silent" on the question whether the defendant waived constitutional rights. Evidently, no transcripts or other records of the earlier plea colloquies exist at all. Transcripts of guilty plea proceedings are normally made in Kentucky only if a direct appeal is taken or upon the trial judge's specific direction, Tr. of Oral Arg. 13-14, and the stenographer's notes and any tapes made of the proceedings normally are not preserved more than five years, id., at 16-17. The circumstance of a missing or nonexistent record is, we suspect, not atypical, particularly when the prior conviction is several years old. But *Boykin* colloquies have been required for nearly a quarter century. On collateral review, we think it defies logic to presume from the mere unavailability of a transcript (assuming no allegation that the unavailability is due to governmental misconduct) that the defendant was not advised of his rights.

*Raley*, 506 U.S. at 30.

In considering the record that was before the Court of Appeals of Virginia, the Magistrate Judge asserts the Spates did not understand the waiver, citing his mistake in referring to Ms. Joslin as "second chair" counsel. (R&R 14). The Magistrate Judge ignores the fact that the trial court immediately corrected Spates and explained the distinction from "standby counsel" (Feb, 12, 2007 Tr. at 14:14-21). Nor did the trial court initially insist on holding Spates to his waiver: to the contrary, it advised him before trial

that "you can always change your mind and take Ms. Joslin back." (May 7, 2007 Tr. at 5:21-22). Although the trial court was later advised that Ms. Joslin was not prepared to handle the case that day (*id.* at 21:17-19), Spates had never requested that she do so. Spates simply was not allowed to delay his trial again merely because he claimed to have retained a third counsel, who inexplicably failed to appear. (*Id.* at 4:15-5:4).

The Magistrate Judge erroneously credits Spates' assertion that he had retained new counsel in the absence of any record that any new counsel ever appeared at trial for him or had even notified the trial court that he had been retained. (R&R 14, 17). He asserts that Spates' claimed effort to retain new counsel shows "a clear rejection of the right to self-representation" (R&R 17), even though Spates did nothing to communicate any of those supposed efforts to the trial court until his case was called for trial. To the extent the Magistrate Judge is in effect finding that Spates was denied an opportunity to retain counsel, he fails to address the trial court's reliance on Spates' valid April 23, 2007, waiver and its right to consider his Spates' dilatory conduct in failing to secure counsel in the twelve weeks since he first fired Ms. Joslin on February 12, 2007. *See Morris v. Slappy*, 461 U.S. 1, 11-12 (1983). Moreover, the Magistrate Judge can point to no efforts Spates even alleges he made to contact his supposed new counsel. The Magistrate Judge credits Spates' self-serving allegation that his right to waiver was not explained to him at the April 23, 2007, hearing (R&R 15, 17), despite Spates' failure to offer any evidence to the state court to refute the certification by the trial judge that he had in fact advised Spates of his rights on that date. The Magistrate Judge fails to address the reasonableness of the state appellate court in crediting that certification.

Finally, the Magistrate Judge held that, because "the transcript of Spates' February 12, 2007 pre-trial hearing was not prepared until February 2, 2012, pursuant to an Order, dated January 17, 2012, by this Court … , the state courts could not have effectively reviewed how Judge Shockley conducted the inquiry when concluding Spates validly waived his right to counsel." (R&R 18). The Magistrate Judge's opinion of the procedures used by the Court of Appeals of Virginia is irrelevant. "AEDPA does not make deference to state court fact-finding dependent on the adequacy of the procedures followed by the state court." *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010).

(3) The Magistrate Judge erred in relying on inapplicable circuit precedent to decide that the decision Virginia Court of Appeals was "contrary to … clearly established federal law." (R&R 18). For purposes of § 2254, relief can be granted only if a state court's decision is contrary to a decision by the Supreme Court of the United States. Binding precedent has made clear that a federal habeas court is not free to second-guess the judgment of the state court regarding the merits of any constitutional claim, unless "the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. at 413; *Ramdass v. Angelone*, 530 U.S. 156, 165 (2000); *Vinson v. True*, 436 F.3d 412, 416 (4th Cir. 2005); *Moody v. Polk*, 408 F.3d 141 (4th Cir. 2005); *Lovitt v. True*, 403 F.3d 171, 178 (4th Cir. 2005). In other words, "to obtain federal habeas relief, 'a state prisoner must show that the state court's ruling on the claim being presented in

9

federal court was so lacking in justification that there was an error well understood and comprehended in the existing law beyond any possibility for fairminded disagreement.'" *Jackson v. Kelly*, 650 F.3d at 492 (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011)).

The Magistrate Judge states that "the *Faretta* Court recognized the right of a defendant to represent himself provided these three requirements are met." (R&R 10). However, he cites requirements set out only by the Fourth Circuit in a direct appeal form a federal criminal conviction, *United States v. Frazier-El*, 204 F.3d 553, 558 (4th Cir. 2000), not in a collateral proceeding under § 2254, not by the United States Supreme Court, and certainly not in *Faretta v. California*, 422 U.S. 806 (1975). Indeed, the Magistrate Judge relies almost exclusively on opinions of federal circuit courts deciding direct appeals of federal criminal prosecutions, espousing standards only for the conduct of federal criminal trials, consistent with their supervisory authority over inferior federal courts: *Frazier-El*; *United States v. Gallop*, 838 F.2d 105, 110 (4th Cir. 1988); *United States v. McDowell*, 814 F.2d 245, 249-50 (6th Cir. 1987);[3] *United States v. Singleton*, 107 F.3d 1091, 1097 (4th Cir. 1997); *United States v. Gillis*, 773 F.2d 549, 559 (4th Cir. 1985); *United States v. Venable*, 373 Fed. App'x 402, 406 (4th Cir. 2010) *Townes v. United States*, 371 F.2d 930, 934 (4th Cir. 1966) *Brown v. Wainwright*, 665 F.2d 607, 611 (5th Cir. 1982); *Patton*

---

[3] *McDowell* expressly invoked the Circuit Court's "supervisory powers" and required judges in the Sixth Circuit to follow a model inquiry set out in § 1.02 of the Federal Judicial Center's *Benchbook For U.S. District Court Judges.* 814 F.2d at 250. It was disapproved in part in *Godinez v. Moran*, 509 U.S. 389 (1993) (rejecting holding of *McDowell* and other cases that the standard for competency to waive counsel was greater than that for general competency to stand trial).

*v. State of North Carolina*, 315 F.2d 643 (4th Cir. 1963).[4] In any case, "circuit precedent … cannot form the basis for habeas relief under AEDPA." *Parker v. Matthews*, No. 11-845, slip op. at 12 (U. S. June 11, 2012).

While the Magistrate Judge concluded that the decision of the Virginia Court of Appeals "'resulted in a decision that was contrary to … clearly established Federal law,' 28 U.S.C. § 2254(d)(1), as established in *Faretta v. California*, 422 U.S. 806 (1975)" (R&R 18), the state court in fact applied the same standard. While not citing *Faretta*, the Virginia Court of Appeals affirmed only after accepting the trial court's finding that Spates "knowingly, voluntarily and intelligently waived his rights to be represented by a lawyer." *See Spates v. Com.*, slip op. at 5.

> As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.

*Harrington v. Richter*, 131 S. Ct. at 784 (citing*, inter alia, Bell v. Jarvis*, 236 F.3d 149, 158-162 (4th Cir. 2000) (en banc)).

The *Faretta* opinion itself identifies only that the "trial judge had warned Faretta that he thought it was a mistake not to accept the assistance of counsel, and that Faretta would be required to follow all the 'ground rules' of trial procedure," before

---

[4] Contrary to the Magistrate Judge's assertion that "*Patton* remains good law" after *Faretta* (R&R 16 n.5), the Fourth Circuit has in fact held that *Patton* is limited by the Supreme Court's post-*Faretta* cases, and may in fact never have supported any broad rejection of considering the defendant's own dilatoriness. *Sampley v. Attorney Gen. of North Carolina*, 786 F.2d 610, 613 n.2 (4th Cir. 1986) (citing *Ungar v. Sarafite*, 376 U.S. 575 (1964), and *Morris v. Slappy*, 461 U.S. 1 (1983) as holding "that dilatory conduct by a defendant is directly relevant to the question whether his right to a 'fair opportunity' to secure counsel of his choice has been violated, and that this is the extent of the right.").

11

finding that his continued waiver after being so warned *entitled* Faretta to represent himself. 422 U.S. at 836. Even in the trial court's initial discussions with Spates on February 12, 2007, it warned Spates of as much: "I will say to him that that's probably the most unwise thing that he could do." (Feb. 12, 2007 Tr. at 11:11-23). It gave Spates the same warning about the "ground rules" for trial that Faretta received:

> THE COURT: You're going to be held to the same standard as if you were an attorney. You understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You're going to be required to know when to make an objection, the basis of the objection. You're going to need to pick the jury. You're going to need to -- well, you're going to need to know everything the lawyers know; and you're not going to be given any extra slack in this. You understand that?
>
> THE DEFENDANT: Yes, ma'am.

(Feb. 12, 2007 Tr. 13:23-14:5).

The two other Supreme Court cases cited by the Magistrate Judge are not contrary to the judgment of the Court of Appeals of Virginia. The Magistrate Judge first cites *Martinez v. Court of Appeal of Cal.*, 528 U.S. 152 (2000) as if it supports his assertion that Faretta rights are limited "where a defendant may unwittingly and unknowingly be foregoing his right to counsel and with it, the integrity of the trial itself." (R&R 12). *Martinez*, of course, addresses the limits on a criminal defendant's right to represent himself on appeal, not at trial.

In order to support his finding that the trial court's "scant and hurried line of questioning" on February 12, 2007, was constitutionally inadequate, the Magistrate Judge cites *Iowa v. Tovar*, 541 U.S. 77, 81 (2004) as "requiring that a defendant is

12

informed of the 'relevant circumstances' of his charges and potential consequences of self-representation for a valid waiver to be found." (R&R 14). As shown above, the trial court's questioning on February 12, 2007, did not reflect the full scope of the consideration of Spates' waiver by either the trial court or the Virginia Court of Appeals. Moreover, *Tovar* addressed the validity of a waiver of counsel prior to a guilty plea, pursuant to a plea agreement, and rejected that any specific questions were required by *Faretta*. 541 U.S. at 92. The Supreme Court has consistently held that a defendant's right to represent himself has never depended on any finding that he could do it well. *Godinez v. Moran*, 509 U.S. 389, 399-400 (1993).

Finally, while the Magistrate Judge correctly identifies that it is the ruling by the state's highest court that must be found to be unreasonable to allow relief under § 2254 (R&R 7), he nevertheless repeatedly focuses on his opinion of the "correctness" of the *trial court's* rulings, rather than the reasonableness of the "last reasoned decision." The Magistrate Judge finds that the trial judge's statement that Spates had an "absolute right" to waive counsel at trial was "entirely inaccurate," citing *Martinez*. (R&R 14). *Martinez*, however, only allows a state to limit the right to waive counsel on a defendant's first direct appeal. The Magistrate Judge finds that the trial court judge failed to follow the rule he draws from *Brewer v. Williams*, 430 U.S. 387, 404 (1977), that courts are to "indulge in every reasonable presumption against waiver" of the right to counsel. (R&R 17). More importantly, neither finding by the Magistrate Judge addresses the actual rulings of the Court of Appeals of Virginia or measures either the reasonableness of those rulings against any Supreme Court precedent or the

reasonableness of its findings based on the record presented to it. Again, the Magistrate Judge repeats only the Fourth Circuit's supervisory standards as the measure which he independently finds the trial court failed to meet, based on a transcript not presented to the state appellate court.

## Conclusion

For these reasons, the Court should reject the recommendations of the Magistrate Judge which are objected to herein and dismiss Spates' petition for a writ of habeas corpus for the reasons given herein and in the respondent's brief filed with his motion to dismiss on October 4, 2011.

Respectfully submitted,

Harold W. Clarke, Director,
Virginia Department of Corrections,
Respondent herein.

By_____/s/_____
Matthew P. Dullaghan
Senior Assistant Attorney General
Virginia State Bar Number 22164
Attorney for Respondent
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Telephone: (804) 786-4073
Facsimile: (804) 786-0142
MDullaghan@oag.state.va.us

**CERTIFICATE OF SERVICE**

I certify that on June 19, 2012, I electronically filed the foregoing Notice with the Clerk of the Court using the CM/ECF system; and I certify that I have mailed the document and a copy of the Notice of Electronic Filing (NEF) by United States Postal Service to the following CM/ECF non-participant: Maceo Ali Spates, #1199722, Augusta Correctional Center, 1821 Estaline Valley Road, Craigsville, Virginia, 24430, Petitioner.

                                                         _____/s/_____
                                                   Matthew P. Dullaghan
Senior Assistant Attorney General
Virginia State Bar Number 22164
Attorney for Respondent
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Telephone: (804) 786-4073
Facsimile: (804) 786-0142
MDullaghan@oag.state.va.us