**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**



MACEO SPATES,

    Petitioner,

v.                                                                                        ACTION NO. 2:11cv284

HAROLD W. CLARKE, Director of the
Virginia Department of Corrections,

    Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to Petitioner's convictions for abduction, rape, unlawful wounding during the commission of a felony, and petit larceny on May 8, 2007, in the Circuit Court of the City of Virginia Beach, as a result of which he was sentenced to serve thirty-four years in the Virginia penal system.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Report and Recommendation, filed June 5, 2012, recommends dismissing in part and granting in part the petition. ECF No. 23. Each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. On June 19, 2012, the Court received Respondent's Objections to the Report and Recommendation. ECF No. 26. Petitioner has not responded to Respondent's Objections, and the deadline for filing a response has passed.

Respondent alleges that the Magistrate Judge erroneously recommends relief as to

Ground (3) of the petition,[1] in that he improperly (1) considered evidence Petitioner did not present to the state court, (2) failed to defer to the state court's dismissal of the same claim on the merits when Petitioner presented it in the state court, and (3) relied on cases not decided by the United States Supreme Court to hold that the state court's decision was contrary to "clearly established federal law" under 28 U.S.C. § 2254(d)(2). Resp't's Objections 1-2, ECF No. 26.

As to objection (1), Respondent claims that the Magistrate Judge erred by improperly considering a pre-trial hearing transcript, as Petitioner did not provide this transcript to the Virginia Court of Appeals when he filed a direct appeal with that court in 2008. Resp't's Objections 2. Respondent argues that a federal court is barred from considering any "evidence" that the state court did not have before it for review and, accordingly, based on the evidence that was actually present on direct appeal, the Court of Appeals decision must be upheld. Id. The Court rejects this objection.

First, the Court finds that Respondent's reliance on Cullen v. Pinholster, 131 S. Ct. 1388 (2011),[2] is misplaced, as Respondent incorrectly characterizes the pre-trial hearing transcript as "new evidence." Respondent contends that the Magistrate Judge erred in considering the February 12, 2007 pre-trial hearing transcript, which contains a colloquy conducted by Judge Shockley regarding Petitioner's waiver of the right to counsel. Respondent asserts that the

---

[1] The Magistrate Judge recommends granting relief only as to Ground (3) of Spates' federal habeas petition, in which he alleges the Court of Appeals of Virginia erred by affirming the trial court's refusal to afford Petitioner his right to counsel after requesting counsel numerous times before trial. Report and Recommendation 4, ECF No. 23.

[2] The Cullen case addressed a habeas petitioner's ineffective assistance of counsel claim. The petitioner's habeas claim was denied at the state level. Cullen, 131 S. Ct. 1396. The petitioner then filed a federal habeas petition, asserting an additional allegation that counsel failed to gather mitigation evidence. Id. The district court granted an evidentiary hearing, the results of which were used by the district court in determining that the petitioner was denied effective assistance of counsel. Id. at 1398. The United States Supreme Court found that reliance on this evidence was improper, as it was only first gathered *after* the state court denied his habeas petition. Id. In contrast, the information of the pre-trial hearing transcript at issue in the instant case was in fact gathered and presented *at* the state court level.

federal court may not consider any "new evidence presented at the federal district court, and not to the state court whose decision is being challenged" Resp't's Objections 2. Despite Respondent's classification of the transcript, it is in fact a part of the state court *record*, which consists of the "official report of the proceedings in a case, including the filed papers, verbatim transcript of the trial *or hearing* (if any), and tangible exhibits." Yeager v. United States, 557 U.S. 110, 121 (citing Black's Law Dictionary 1301, 8th ed. 2004). That the pre-trial hearing transcript was only typed up and prepared on January 17, 2012, pursuant to an Order from this Court (ECF No. 15), does not make the contents of this transcript new evidence, but merely an erroneously unexamined part of the state court record. The content of the transcript was an available part of the record and should have been prepared and reviewed by the Court of Appeals on Petitioner's direct appeal. Accordingly, the Court rejects this objection and finds that Respondent misidentified the pre-trial hearing transcript as new evidence, rather than as part of the state court record.

As to objection (2), Respondent argues that the Virginia Court of Appeals' finding that Petitioner validly waived counsel "cannot be said to be unreasonable," and further contends that the Magistrate Judge failed to appropriately defer to the state court's dismissal of Petitioner's Sixth Amendment claim. Resp't's Objections 1, 6. In arguing that the state court's decision was reasonable, Respondent relies heavily on the written waiver of counsel, signed by Petitioner and certified by Judge Shockley on April 23, 2007. Respondent argues it was not unreasonable for the Court of Appeals to rely on this written waiver as presumptive evidence of a valid and knowing waiver. Id. The written waiver indicates Petitioner "was advised of the charges against him, of the potential punishment he faced, and of his right to be represented by council. . . [T]he

3

form [also] indicate[s] [Petitioner] was subject to oral examination and was advised of his rights, understood his rights, and 'knowingly, voluntarily and intelligently waived his rights" to be represented by counsel. Per Curiam Opinion 4-5, Spates v. Commonwealth, CR06-130 (Va. Ct. App. Sept. 10, 2008). Respondent asserts that the Virginia Court of Appeals' decision cannot be rendered unreasonable, as "nothing in the record before the Court of Appeals of Virginia in any way refutes the trial court's certification." Id. at 7. The Court rejects this objection and agrees with the Magistrate Judge's finding that the Court of Appeals' decision that Petitioner had validly waived his right to counsel was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2).

The record, including the contents of the February 12, 2007 pre-trial hearing transcript, clearly shows Petitioner's right to counsel, as established by the United States Supreme Court in Faretta v. California, 422 U.S. 806 (1975), was violated, and it was unreasonable for the Virginia Court of Appeals to decide otherwise on direct appeal. The Sixth Amendment provides that in "all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defence." U.S. Const. amend VI. Though only one of the accused's fundamental procedural rights, it is "by far the most pervasive, for it affects his ability to assert any other rights he may have." Penson v. Ohio, 488 U.S. 75, 1988). In Faretta, the Supreme Court recognized that a defendant also has a reciprocal right to proceed without counsel. This right to self-representation, however, is not automatic or without limit, as the trial court must make defendant aware of the "dangers and disadvantages of self-representation," so that the record may show he "knows what he is doing and his choice is made with eyes wide open." Faretta, 422 U.S. at 835. In order for a trial court to allow a defendant to represent himself, the defendant

must first "voluntarily and intelligently elect" to do so. Id. Moreover, the right is not indefinite, as the trial court may terminate the self-representation right if necessary. Id. at 834. Because the decision to waive the right to counsel is a grave one, the Supreme Court has instructed courts to "indulge in every reasonable presumption against waiver" of the right to counsel. Brewer v. Williams, 430 U.S. 387, 404 (1977)..

The Court agrees with the Magistrate Judge's finding that Judge Shockley made insufficient inquiry as to whether Spates' wish to represent himself was knowing and intelligent. Report and Recommendation 13. Judge Shockley made no inquiry into the educational background or capabilities of the defendant. She further made the blanket, and incorrect assertion that Petitioner had the "absolute right" to represent himself. Pre-Trial Hr'g Tr. 11:10-11, ECF No. 16-1; See Faretta, 422 U.S. at 835 (stating that the right to self-representation is not without limit). Additionally, Judge Shockley failed to explain the charges and possible punishments, which included life imprisonment, Petitioner faced prior to accepting his waiver of the right to counsel. Consequently, Petitioner engaged in self-representation without being warned of the "dangers and disadvantages" of self-representation: that he may be sentenced to life in prison absent the background or capabilities needed to successfully defend himself at trial. Faretta, 422 U.S. at 835.

Moreover, whether the trial court satisfied the duties to ensure an intelligent and voluntary waiver of the right to counsel, as required by Faretta, hinged upon the actual review of the colloquy conducted by Judge Shockley at the pre-trial hearing. The Court of Appeals did not partake in this necessary review, but concluded that "the record includes ample evidence that [Petitioner] freely and voluntarily waived his right to be represented by counsel at trial." Per

Curiam Opinion 4-5, <u>Spates v. Commonwealth</u>, CR06-130 (Va. Ct. App. Sept. 10, 2008). The "ample evidence" cited by the Court of Appeals consists entirely of the contents of the April 23, 2007 written waiver. Notably, Petitioner indicated at trial, the transcript of which was prepared for and referenced by the Court of Appeals in denying Petitioner's direct appeal, that Judge Shockley did not explain the ramifications and consequences of signing this waiver, underscoring the vital importance of an actual review of the colloquy. Trial Tr., Vol. 1, <u>Commonwealth of Virginia v. Spates</u>, CR06-130, 27:7-28:5. In light of the requirements of <u>Faretta</u>, it was unreasonable for the Court of Appeals to rely only on the written waiver and not review the contents of the colloquy itself in finding that Petitioner voluntarily and intelligently waived his right to counsel.

Due to Judge Shockley's inadequate colloquy, the Court cannot conclude Petitioner voluntarily and intelligently waived his right to counsel. The Court also cannot find that "ample evidence" existed for the Court of Appeals to make this conclusion without review of the colloquy on direct appeal. Per Curiam Opinion 5, <u>Spates v. Commonwealth</u>, CR06-130 (Va. Ct. App. Sept. 10, 2008). Accordingly, the Court agrees with the Magistrate Judge's finding that the Court of Appeals' decision that Petitioner freely and voluntarily waived his rights to be represented by a lawyer was "contrary to . . . clearly established law," 28 U.S.C. § 2254(d)(1), as established in <u>Faretta</u>.

Respondent also fails to address statements made by Petitioner prior to the start of trial, which took place after the February 12, 2007 colloquy and signing of the April 23, 2007 written waiver. That is, Petitioner's subsequent statements made on record to Judge Padrick on May 7, 2007, immediately prior to the start of trial, indicate a clear rejection, of any prior inklings of

wishing to waive the right to counsel. Accordingly, Petitioner was forced to involuntarily engage in self-representation, in direct conflict with the principles espoused by Faretta.

Prior to the start of trial on May 7, 2007, Judge Padrick asked Petitioner if he was representing himself. Trial Tr., Vol. 1, Commonwealth of Virginia v. Spates, CR06-130, 4:11-12. Petitioner responded: "I was representing myself, but I don't know. *My counselor was supposed to show up today. . . I obtained counsel. I found and retained counsel.*" Trial Tr. 4:13-15, 17-18 (emphasis added). Petitioner's retained counsel failed to appear at trial, and Judge Padrick indicated that no continuance would be given to Petitioner. Trial Tr. 5:4. Petitioner was then allowed to speak with Janee Joslin, former attorney for Petitioner, who was present as stand-by counsel. Trial Tr. 16:1. After speaking with Joslin, Petitioner informed Judge Padrick that, as he told Joslin, he did not think he could represent himself. Trial Tr. 17:18-20. Judge Padrick merely asserted that, despite Petitioner's clear wish to have counsel aid him at his trial, Petitioner was required to proceed and would be representing himself. Trial Tr. 18:10-11, 16-17. Judge Padrick proceeded with arraignment, asking Petitioner if he was ready for trial, to which Petitioner again responded that he was not. Trial Tr. 26:16-17. Petitioner continued to assert his wish to be represented:

> THE COURT: Any questions you want to ask me?
>
> DEFENDANT: I mean, I don't - - like I told you, *no way I can represent myself.* I don't know the procedure, what to do, how to do it; so I'll be sitting here. That's it. If Ms. Joslin not going to represent me or not going to wait for other counsel, there's nothing else I can do.
>
> THE COURT: Well, like I said sir, I was not here - -
>
> DEFENDANT: But when I signed - -
>
> THE COURT: - - when you signed this waiver that you signed - -

7

> DEFENDANT: Uh-huh.
>
> THE COURT: - - on April 23rd where you waived your right to an attorney and you wished to proceed pro se. And I'm sure Judge Shockley went over all the ramifications with you.
>
> DEFENDANT: No.
>
> THE COURT: She didn't?
>
> DEFENDANT: *No, sir. I didn't know that I was signing the waiver to represent myself pro se.*

Trial Tr. 27:7-28:5 (emphasis added).

The Virginia Court of Appeals did, in fact, have *this* trial transcript available for review when denying Petitioner's direct appeal. Rather than considering Petitioner's clear rejection of any prior waiver of the right to counsel, the Virginia Court of Appeals relied solely on the April 23, 2007 written waiver in concluding that there was "ample evidence that [Petitioner] freely and voluntarily waived his right to be represented by counsel at trial." Spates v. Commonwealth of Virginia, CR06-130 (Va. Ct. App. Sept. 10, 2008).

The Court agrees with the Magistrate Judge's finding that Petitioner's statements make overtly clear his wish to be represented by counsel at trial. Report and Recommendation 15-16. The Court, therefore, also agrees with the Magistrate Judge's finding that the decision of the Court of Appeals of Virginia was not only "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding," 28 U.S.C. § 2254(d)(2), but was also "contrary to . . . clearly established Federal law," 28 U.S.C. § 2254(d)(1), as established in Faretta v. California. Respondent contends that the Magistrate Judge failed to exhibit the proper level of deference to the Virginia Court of Appeals. However, though a federal court is to

"attend to every state-court judgment with utmost care. . . . [i]f, after carefully weighing all the reasons for accepting a state court's judgment, a federal court is convinced that a prisoner's custody . . . violates the Constitution, that independent judgment should prevail." Williams v. Taylor, 529 U.S. 362, 389 (2000). Indeed, "errors that undermine the confidence in the fundamental fairness of the state adjudication certainly justify the issuance of the federal writ." Id. at 375.

As to objection (3), Respondent argues that the Magistrate Judge erred in relying upon "inapplicable circuit precedent to decide that the decision of the Virginia Court of Appeals was contrary to clearly established federal law." Resp't's Objections 9. The Court rejects this contention as meritless.

First, the Court agrees with the Magistrate Judge's finding that the decision of the Virginia Court of Appeals "resulted in a decision that was contrary to clearly established federal law," 28 U.S.C. § 2254 (d)(1), as established in Faretta v. California, 422 U.S. 806 (1975). ECF No. 23, at p. 18. Faretta did not enunciate a specific test that a court must use in assessing the validity of a waiver of the right to counsel. The case merely set out a generalized standard that a trial court must make defendant aware of the "dangers and disadvantages of self-representation," so that the record may show he "knows what he is doing and his choice is made with eyes wide open." Faretta, 422 U.S. at 835. In order for a trial court to allow a defendant to represent himself, the defendant must first "voluntarily and intelligently elect" to do so. Id.

Based on the record, it is abundantly clear that, contrary to clearly established federal law, as established by the Supreme Court of the United States in Faretta, Petitioner was not made aware of the "dangers and disadvantages of self-representation," Petitioner did not choose to

represent himself "with eyes wide open," and Petitioner did not "voluntarily and intelligently elect" to represent himself. See Faretta, 422 U.S. at 835. To the contrary, the pre-trial hearing colloquy was insufficient to ensure that Petitioner was entering into self-representation with open eyes. Moreover, the trial transcript shows Petitioner clearly and unequivocally insisted on being represented by counsel during his trial. Trial Tr. 4:11-28:5. Petitioner explained that he had retained counsel, who was not present, but was denied a continuance, which would have allowed counsel to represent him at trial. Trial Tr. 4:13-18, 5:4. Petitioner informed the trial judge on at least three occasions prior to the start of trial that he could not represent himself. Trial Tr. 17:18-20, 27:16-17, 27:7-28:5. Additionally, Petitioner stated that Judge Shockley did not inform him of the ramifications of waiving his right to counsel prior to his signing the written waiver of counsel. Trial Tr. 27:22-28:7. He further stated that he did not understand when he signed the written waiver that he would have to represent himself at trial. Trial Tr. 28:5. The record could not be more evident that, at the time of his trial, Petitioner did not wish to represent himself. Further, the evidence shows that when he signed his written waiver, he did not do so voluntarily and intelligently with eyes wide open. Consequently, the state court's finding that Petitioner validly waived his right to counsel is contrary to federal law, as established by Faretta.

Secondly, "rules of law may be sufficiently clear for habeas purposes even when expressed in terms of a generalized standard rather than a bright line rule." Williams, 529 U.S. at 382. This definition makes clear that a general rule that requires case-by-case application can constitute clearly established law. Id. Therefore, where a Supreme Court holding espouses merely a general standard, circuit court precedent is helpful in illuminating and interpreting the general standard to particular factual circumstances and providing evidence of the clarity of the

law. See Williams, 529 U.S. at 407 (2000) (stating that 28 U.S.C. § 2254(d)(1) also authorizes federal habeas corpus relief if, under clearly established federal law, a state court has been unreasonable in applying the governing legal principle to the facts of the case. A state determination may be set aside under this standard if, under clearly established federal law, the state court was unreasonable in refusing to extend the governing legal principle to a context it should have applied).

The Fourth Circuit cases cited by the Magistrate Judge interpret the Faretta holding, applying Faretta to the facts of the case before them in making their decision as to whether a valid waiver of the right to counsel existed. See Johnson v. Zerbst, 304 U.S. 458, 464 ("The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused."). Accordingly, the Court finds Respondent's contention that the Magistrate Judge erred by "repeat[ing] only the Fourth Circuit's supervisory standards as [a] measure" is meritless.

The Court, having reviewed the record and examined the objections filed by Respondent to the Report and Recommendation, and having made de novo findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report and Recommendation filed June 5, 2012. It is, therefore, ORDERED that the petition be GRANTED as to Ground (3) of the petition, to the extent that Court remands the case to the Circuit Court of the City of Virginia Beach for a new trial within 180 days of this Court's final judgment order. It is further ORDERED that Petitioner remain in custody of the Department of Corrections until his new trial, but if the Circuit Court fails to re-try Petitioner

within 180 days of this Court's final judgment order, that Petitioner be released from custody at the end of the 180 days. It is further ORDERED that, with respect to Grounds (1) and (2) of the petition, the petition is DENIED. Finally, it is ORDERED that Petitioner's Motion for Declaratory Judgment (ECF No. 17) is DENIED.

The parties may appeal from the judgment entered pursuant to this Final Order by filing a <u>written</u> notice of appeal with the Clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within 30 days from the date of entry of such judgment.

The Clerk shall mail a copy of this Final Order to Petitioner and counsel of record for Respondent.

/s/
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
August 14, 2012