IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

MACEO ALI SPATES, #1199722,
    Petitioner

v.                                   Civil Action No. 2:11cv284

HAROLD W. CLARKE, DIRECTOR,
Virginia Department of Corrections,
    Respondent.

DIRECTOR'S MEMORANDUM IN SUPPORT
OF HIS MOTION TO ALTER OR AMEND JUDGMENT
UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e)

---

    The respondent, the Director of the Virginia Department of Corrections, by counsel, submits the following in support of his motion to alter or amend the Court's August 14, 2012, Final Order and Judgment (ECF Nos. 27 and 28) pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

    This Court may grant relief under Federal Rule of Civil Procedure 59(e) in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotations and citations omitted). "A court may grant relief under Rule 59(e) to "correct manifest errors of … fact upon which the judgment is based." *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996); *see also Steigerwald v. Bradley*, 229 F. Supp. 2d 445, 447 (D. Md. 2002). The Fourth Circuit has found that Rule 59(e) gives the district court substantial discretion "to correct its own mistake if it believes one has been made."

*Zinkand*, 478 F.3d at 637. This Court's Final Judgment and Order overruling the Director's objections to the Magistrate Judge's Report and Recommendation made the following mistakes, which the Director requests this Court correct.

First, the Director had objected to the Magistrate Judge's consideration of a transcript of a hearing held in the state trial court on February 12, 2007, which had not been prepared until it was ordered by the Magistrate Judge on February 2, 2012, because the federal court is barred in its analysis under 28 U.S.C. § 2254(d) from considering any evidence that the state court did not have before it for review. *Cullen v. Pinholster*, 131 S. Ct. 1388 at 1411 n.20 (2011); *followed*, *Jackson v. Kelly*, 650 F.3d 477, 492 (4th Cir.), *cert. and stay denied*, 132 S. Ct. 64 (2011).

In rejecting the Director's first objection, this Court found that the February transcript was part of the state court record. (ECF No. 27 at 3). The finding is erroneous as a matter of Virginia law. The transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court within 60 days after entry of the final judgment. Sup. Ct. Va. R. 5A:8(a), 5:11(b). The obligation to make the transcript part of the record on appeal lies with the petitioner, not the Court of Appeals of Virginia or the Commonwealth. Sup. Ct. Va. R. 5A:8(b)(4)(ii), 5:11(a)(1).

As correctly decided by the Magistrate Judge, and left undisturbed by this Court, it is the ruling by the state's highest court, "the last reasoned decision on the merits," that must be found to be unreasonable to allow relief under § 2254. (ECF No. 23 at 7). The reasonableness of the state court decision can be measured only against the record

before it, not by any "trial record."[1] Despite this Court's opinion that the transcript "should have been prepared and reviewed by the Court of Appeals" (ECF No. 27 at 3), it is undisputed that the February transcript was never presented to the Virginia Court of Appeals.

Second, the Director had objected that the Magistrate Judge clearly erred in failing to give proper deference to the factual finding by the Virginia Court of Appeals under 28 U.S.C. § 2254(e)(1). The determination of a factual issue made by the state courts shall be presumed correct and may be rebutted only by clear and convincing evidence. *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007). Facts found by the appellate court enjoy the same presumption. *See Sumner v. Mata*, 449 U.S. 539, 541-549 (1981).

In rejecting the Director's second objection, this Court found that the decision by the Virginia Court of Appeals that Spates "had validly waived his right to counsel was 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.'" (ECF No. 27 at 4). However, the newly created transcript of the February hearing could not in any way inform the reasonableness of the state court judgment in concluding that the waiver was intelligently executed, because the trial court's hearing on Spates' waiver did not take place in February. The waiver advice and colloquy occurred at a separate hearing in April. (*See* Feb. 12, 2007 Tr. at 28:12-21, May 7, 2007 Tr. 10:11-15). Spates has never presented any evidence to any court

---

[1] Even under the case law cited by this Court trial , the record itself is limited to transcripts which actually exist in the state courts files. *Yeager v. United States*, 557 U.S. 110 (2009), defines the record as "including the *filed* papers, verbatim transcript of the trial or hearing (*if any*)." *Id.* at 121 (emphasis added). (ECF No. 27 at 3). As noted, the transcripts of the February and April hearings were never made part of the record in this case.

3

regarding the conduct of the April hearing. The only evidence of the conduct of the April hearing is the certificate of the trial judge. If the Magistrate Judge intended to provide what Spates omitted, he erred. He ordered the wrong transcript.[2]

This Court held that the Director failed to address Spates' statements at the beginning of his trial (ECF No. 27 at 6), but the transcript of the May trial is silent on the conduct of the April hearing. In May, the trial judge properly accepted the April certificate at face value. (May 7, 2007 Tr. at 27:18-25). He was not required to decide anew if Spates had in fact validly waived his right to counsel in April. The trial court was certainly entitled to rely on the previous judge's certificate and to follow a presumption of regularity, that the previous judge had conducted the April 23, 2007, hearing on Spates waiver correctly. The presumption of regularity is applicable even to waivers of

---

[2] The Court's decision also fails to take account of the record that even in the trial court's initial discussions with Spates on February 12, 2007, it warned Spates that waving counsel was "probably the most unwise thing that he could do." (Feb. 12, 2007 Tr. at 11:11-23). It gave Spates the same warning about the "ground rules" for trial that were sufficient in *Farretta*:

> THE COURT: You're going to be held to the same standard as if you were an attorney. You understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You're going to be required to know when to make an objection, the basis of the objection. You're going to need to pick the jury. You're going to need to – well, you're going to need to know everything the lawyers know; and you're not going to be given any extra slack in this. You understand that?
>
> THE DEFENDANT: Yes, ma'am.

(Feb. 12, 2007 Tr. 13:23-14:5). *Cf. Faretta v. California*, 422 U.S. 806, 836 (1975).

constitutional rights. *Parke v. Raley*, 506 U.S. 20, 29 (1992). The only new question presented to the trial judge in May was whether Spates had by then had a "fair opportunity" to secure counsel, particularly in light of his own dilatory conduct in failing to secure counsel in the twelve weeks since he had fired Ms. Joslin on February 12, 2007. *Morris v. Slappy*, 461 U.S. 1 (1983). Clearly he had a "fair opportunity."

Conclusion

For these reasons, the Court should alter or amend its decision to reject the recommendations of the Magistrate Judge to which the Director has objected and dismiss Spates' petition for a writ of habeas corpus.

                              Respectfully submitted,

                              Harold W. Clarke, Director,
                              Virginia Department of Corrections,
                              Respondent herein.

                              By_____/s/_____
                              Matthew P. Dullaghan
                              Senior Assistant Attorney General
                              Virginia State Bar Number 22164
                              Attorney for Respondent
                              Office of the Attorney General
                              900 East Main Street
                              Richmond, Virginia  23219
                              Telephone:   (804) 786-4073
                              Facsimile:    (804) 786-0142
                              MDullaghan@oag.state.va.us

## CERTIFICATE OF SERVICE

I certify that on September 11, 2012, I electronically filed the foregoing Notice with the Clerk of the Court using the CM/ECF system; and I certify that I have mailed the document and a copy of the Notice of Electronic Filing (NEF) by United States Postal Service to the following CM/ECF non-participant: Maceo Ali Spates, #1199722, Augusta Correctional Center, 1821 Estaline Valley Road, Craigsville, Virginia, 24430, Petitioner.

_____/s/_____
Matthew P. Dullaghan
Senior Assistant Attorney General
Virginia State Bar Number 22164
Attorney for Respondent
Office of the Attorney General
900 East Main Street
Richmond, Virginia  23219
Telephone:   (804) 786-4073
Facsimile:     (804) 786-0142
MDullaghan@oag.state.va.us