IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

JAN 3 1 2013

CLERK, US DISTRICT COURT
NORFOLK, VA

**MACEO SPATES,**

        **Petitioner,**

v.                                   **CIVIL ACTION NO. 2:11cv284**

**HAROLD W. CLARKE, Director of the
Virginia Department of Corrections,**

        **Respondent.**

## *ORDER*

Before the Court is Respondent's Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e). The Court construes this request as a motion for reconsideration. Having considered the matter, the motion is **DENIED**.

The proper vehicle to address a motion for reconsideration is Rule 59 of the Federal Rules of Civil Procedure. Although Rule 59(e) motions for reconsideration are disfavored, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") recognizes three limited grounds for amending an earlier judgment: (1) an intervening change in controlling law, (2) the emergence of evidence not previously available, and (3) the correction of a clear error of law or the prevention of manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993); *see also Pendergrass v. United States*, 2001 U.S. Dist. LEXIS 23933, at *1-2 (D.S.C. 2001). The Fourth Circuit has emphasized that mere disagreement with the court's ruling does not warrant a Rule 59(e) motion. *Hutchinson*, 994 F.2d at 1081 (citing *Atkins v. Marathon LeTorneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Rule 59(e) motions exist for the purpose of "allowing the court

1

to reevaluate the basis for its decision." *Keyes v. Nat'l R.R. Passenger Corp.*, 766 F. Supp. 277, 280 (E.D. Pa. 1991). However, Rule 59(e) motions are not a tool with which an unsuccessful party may "rehash" the same arguments and facts previously presented. *Id.*; *Pendergrass*, 2001 U.S. Dist. LEXIS 23933, at *2.

The Court finds that Respondent has not presented any meritorious reasons to amend its Judgment. Respondent simply rehashes its prior argument that the Magistrate Judge erred in considering evidence of a hearing held in the state trial court on February 12, 2007 because the transcript of that hearing was not properly filed until February 2, 2012, and thus, not part of the record reviewed by the state court. However, based on the May 2007 trial transcript that the Virginia Court of Appeals did in fact have available for review, the Court found ample evidence to conclude that Petitioner clearly rejected his prior waiver of the right to counsel and was ill-advised of his constitutional rights.[1] The Respondent seeks to re-argue issues that the Court has already addressed. Accordingly, because the Court reposes great confidence in the propriety of its August 14, 2012 Order, the Court declines to reconsider it.

Respondent has also requested that the Court amend its prior Order to require that the new trial in the Circuit Court of the City of Virginia Beach begin within a reasonable time after the Court's ruling on this motion. The Court hereby **GRANTS** this motion.

---

[1] Furthermore, Petitioner's failure to file paper copies of the pre-trial transcripts does not necessarily serve as a complete bar to review of the prior proceeding transcripts. *See* Rule Rule 5:11(d) ("...[S]upplementation, correction, or modification may be made, by order of [the Virginia Supreme Court] or upon motion of any party....").

Case 2:11-cv-00284-RAJ-TEM Document 32 Filed 01/31/13 Page 3 of 3 PageID# 312

For the reasons set forth above, Respondent's Motion to Alter or Amend Judgment is **DENIED**. It is further **ORDERED** that a new trial in the Circuit Court of the City of Virginia Beach begin within one hundred and twenty (120) days of this Order.

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner and the Respondents.

**IT IS SO ORDERED**.

Norfolk, Virginia
January 30, 2013

/s/
Raymond A. Jackson
United States District Judge

3